1

2   Marc Cote
    Frank Freed Subit & Thomas LLP
3   705 Second Avenue, Suite 1200
    Seattle, Washington 98104
4   (206) 682-6711 / FAX (206) 405-4450
    Email: mcote@frankfreed.com
5

HON. SALVADOR MENDOZA JR.

6                UNITED STATES DISTRICT COURT
7                EASTERN DISTRICT OF WASHINGTON

8   OMAR PALMA RENTERIA,
    individually and on behalf of all others
    similarly situated,                           NO. 2:20-cv-00392
9

10              Plaintiff,                         **PLAINTIFFS' MOTION FOR
                                                   PRELIMINARY APPROVAL OF
11  GILBERTO GOMEZ GARCIA and                      CLASS ACTION SETTLEMENT**
    JONATHAN GOMEZ RIVERA,
12  individually and on behalf of all others       May 10, 2021
    similarly situated,                            Without Oral Argument
13
                Intervenor Plaintiffs,
14
         v.
15
    STEMILT AG SERVICES, LLC, a solely
16  owned subsidiary of Stemilt Growers,
    LLC and DOES 1-10, inclusive,
17
                Defendant.
18

19

20

21
    PLAINTIFFS' MOTION FOR PRELIMINARY          FRANK FREED SUBIT & THOMAS LLP
    APPROVAL OF CLASS ACTION                    Suite 1200 Hoge Building, 705 Second Avenue
    SETTLEMENT                                  Seattle, Washington 98104-1798
                                                (206) 682-6711

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ..................................................................1

II.    STATEMENT OF FACTS ....................................................3

    A.    Factual and Procedural Background ....................................3

    B.    Settlement Terms ...............................................................8

        1.    The Settlement Class .............................................8

        2.    The Settlement's Monetary Relief ..........................8

            a.    Settlement Awards to Qualified Settlement Class Members .........................................9

            b.    Service Awards .........................................11

            c.    Attorneys' Fees Award and Costs Payment ...............11

            d.    Settlement Administration Expenses Award ..............12

        3.    The Release as to All Settlement Class Members .................13

        4.    The Settlement Administration and Notice Program .............14

III.    ARGUMENT AND AUTHORITY ........................................16

    A.    The Settlement Approval Process ....................................16

    B.    The Settlement Satisfies the Criteria for Preliminary Approval .......18

        1.    The Strength of Plaintiffs' Case ..........................20

        2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation ...............................20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - i

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

3.   The Risk of Maintaining Class Action Status
     Through Trial................................................................23

4.   The Amount Offered in Settlement .......................................23

5.   The Extent of Discovery Completed and the Stage of
     Proceedings..................................................................25

6.   The Experience and Views of Counsel..................................25

7.   The Presence of a Governmental Participant........................26

8.   The Reaction of Class Members to the Settlement ...............26

9.   The Settlement Is the Product of Informed and Non-Collusive
     Negotiations................................................................27

C.   Class Counsel's Requested Attorneys' Fees and Costs
     Are Reasonable............................................................27

D.   Certification of the Class for Purposes of Settlement
     Is Appropriate .............................................................29

     1.   The Class Satisfies the Requirements of Rule 23(a).............29

     2.   The Settlement Class Satisfies the Requirements
          of Rule 23(b)(3) ....................................................31

E.   Appointment of CLS and FFST as Class Counsel is Appropriate....32

F.   The Proposed Notice Program Is Constitutionally Sound...............34

G.   The Schedule for Final Approval .......................................36

IV.   CONCLUSION     ........................................................37

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - ii

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

### STATE CASES

4

*Bowles v. Dep't of Ret. Sys.*,
    121 Wn.2d 52, 847 P.2d 440 (1993) .........................................................28

5

### FEDERAL CASES

6

7

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)...........................................................................18

8

*Carranza v. Dovex Fruit Company*,
    16-cv-00054-SMJ (E.D. Wash. Feb. 25, 2016) .......................................26

9

*Churchill Village, LLC v. General Electric*,
    362 F.3d 566 (9th Cir. 2004)...............................................................19

10

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992)...............................................................16

11

12

*Craft v. Cnty. Of San Bernardino*,
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ...................................................28

13

*Custom LED, LLC v. eBay, Inc.*,
    No. 12-cv-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) .......23

14

15

*Gehrich v. Chase Bank USA, N.A.*,
    316 F.R.D. 215 (N.D. Ill. 2015) ............................................................24

16

*Gomez Garcia v. Stemilt Ag Services LLC*,
    No. 20-cv-00254-SMJ (E.D. Wash. 2020) ..........................................5, 13

17

18

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)...........................................................18, 29

19

*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003) ................................................30, 31, 32

20

21

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - iii

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

*In re Bluetooth Headset Prods. Liab.*,
    654 F.3d 935 (9th Cir. 2011).................................................................19, 27

*In re Hyundai and Kia Fuel Economy Litig.*,
    881 F.3d 679 (9th Cir. 2018).....................................................................32

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ...............................................................24, 25

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010).....................................................................12

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008)....................................................24

*In re Online DVD-Rental Antitrust Litig.* (*"Online DVD-Rental"*),
    779 F.3d 934 (9th Cir. 2015)..............................................................*passim*

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950).................................................................................34

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .............................................................22

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009).........................................................11

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009).........................................................11, 22, 24

*Roes v. SFBSC Management, LLC*,
    944 F.3d 1035 (9th Cir. 2019) ......................................................19, 27, 34

*Ruch v. AM Retail Group, Inc.*,
    No. 14-cv-05352-MEJ, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016)......27

*Vaquero v. Ashley Furniture Indus., Inc.*,
    824 F.3d 1150 (9th Cir. 2016).............................................................30, 31

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - iv

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ............................................................28, 29

2

## OTHER AUTHORITIES

3

Fed. R. Civ. P. 23 ...................................................................*passim*

4

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*
    (5th ed. Dec. 2020 Update) .................................................*passim*

5

6

*Manual for Complex Litigation* (Fourth)
    (Ann. ed., 2017) ...........................................................17, 29, 34

7

28 U.S.C. § 1715 ...............................................................26

8

9

10

11

12

13

14

15

16

17

18

19

20

21

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - v

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

# I. INTRODUCTION

Plaintiff Omar Palma Renteria and Intervenor Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera (collectively "Plaintiffs") move for preliminary approval of the class action settlement that they reached with Stemilt Ag Services, LLC ("Settlement"). The Settlement requires Stemilt to pay $3,000,000 to establish a non-reversionary settlement fund for the benefit of the piece-rate farm workers who make up the Settlement Class.[1]

This case was originally filed in Chelan County Superior Court by Plaintiff Omar Palma Renteria's former counsel in May 2018. Without conducting formal discovery and with just minimal contact with other class members, Mr. Palma Renteria's former counsel negotiated a settlement for $200,000, of which only $80,250 would have been paid to workers in a class of over ten thousand. Intervenor Plaintiffs objected to the settlement and moved to intervene, identifying significant concerns with the adequacy of notice, a reversion to Stemilt, and an overbroad release of class members' claims, among other deficiencies. Chelan County Superior Court Judge Lesley A. Allan granted the

---

[1] Terms that are capitalized in this brief have the meaning described in the Settlement Agreement, attached as Exhibit A to the Declaration of Marc C. Cote in support of Motion for Preliminary Approval.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 1

1   motion to intervene and denied final approval of the settlement proposed by Mr.

2   Palma Renteria's former counsel. Several months later, Judge Allan appointed

3   Intervenor Plaintiffs' counsel, Columbia Legal Services ("CLS") and Frank Freed

4   Subit & Thomas LLP ("FFST"), as Interim Counsel for the Proposed Class

5   ("Class Counsel"). Class Counsel then substituted as counsel for Plaintiff Omar

6   Palma Renteria, and Mr. Palma Renteria's former counsel withdrew from the

7   case. Since then, Class Counsel have vigorously pursued the class claims by

8   conducting extensive discovery and interviewing dozens of class members. After

9   significant formal and informal discovery, the parties agreed to engage in

10   mediation in January 2021. It ultimately took two mediations and months of

11   continued negotiations for the parties to reach agreement on the details of a final

12   settlement, but the parties executed the final Class Action Settlement Agreement

13   and Release in early April.

14        Under the $3 million, non-reversionary, common fund settlement, workers

15   are slated to receive over 25 times the amount that they would have received in

16   the previous settlement negotiated by Mr. Palma Renteria's former counsel.

17   Indeed, at least $2,072,000 will be paid to farm workers in this case, compared to

18   the $80,250 workers would have received had the previous settlement been

19   approved. This significantly improved result came after vigorous discovery and

20   class member outreach. Furthermore, the new settlement includes a robust, multi-

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 2

1   faceted notice program that will permit claims to be made in person, by mail, or

2   online from anywhere. In addition, unlike the previous settlement, there will be

3   no reversion to Stemilt under any circumstances.

4        Plaintiffs and Class Counsel are proud to present this settlement to the

5   Court because it is fair and reasonable and serves the best interests of the

6   Settlement Class Members. Indeed, it is an excellent result for the Settlement

7   Class. Accordingly, Plaintiffs respectfully request that the Court take the

8   following initial steps in the settlement approval process: (1) grant preliminary

9   approval of the Settlement; (2) provisionally certify the proposed Settlement

10  Class; (3) appoint FFST and CLS as Class Counsel; (4) appoint Plaintiffs as Class

11  representatives; (5) approve the proposed notice plan; (6) appoint CPT Group,

12  Inc. as Settlement Administrator; and (7) schedule the final fairness hearing and

13  related dates proposed by the parties.

14              **II.  STATEMENT OF FACTS**

15  **A.    Factual and Procedural Background**

16       Stemilt grows and harvests tree fruit throughout Eastern Washington.

17  During the Settlement Class Period, Stemilt employed thousands of workers to

18  pick apples and cherries and perform other tasks such as pruning and thinning in

19  Stemilt's orchards on a piece-rate basis (pay based on the amount of fruit picked).

20  Most of the workers speak Spanish, and few read or write in English.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 3

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    In this lawsuit, Plaintiffs allege that Stemilt engaged in a systematic

2    scheme of wage and hour violations against its farm workers. ECF No. 1-1 at 12-

3    13. Specifically, Plaintiffs alleged that Defendant failed to pay for "non-

4    productive" hours worked outside of piece-rate work, including the following

5    activities: waiting time before picking can begin or after it ends in a particular

6    orchard block and waiting time during rain or other weather delays; transporting

7    ladders to and from the company trailers and retrieving and storing other

8    equipment; attending mandatory meetings or trainings; and traveling between

9    Defendant's orchards and orchard blocks during the work day. ECF No. 13 at 4-5.

10   Defendant denied Plaintiffs' allegations. *Id.* at 5.

11    On May 21, 2018, Plaintiff Omar Palma Renteria filed this lawsuit in

12   Chelan County Superior Court on behalf of a proposed class of current and

13   former migrant and seasonal employees of Stemilt who performed piece-rate

14   work for the company beginning on May 21, 2015. ECF No. 1-1 at 12-16.

15    Former counsel for Mr. Palma Renteria conducted cursory, informal

16   discovery before mediation in March 2019. Declaration of Marc C. Cote in

17   Support of Motion for Preliminary Approval of Class Action Settlement ("Cote

18   Decl."), Ex. B (June 3, 2020 Order Granting Motion to Designate Intervenor

19   Plaintiffs' Counsel as Interim Counsel for Proposed Class) at 2. In lieu of

20   conducting formal discovery for the ten months after filing the lawsuit, Plaintiff

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 4

1    Palma Renteria's former counsel received informal discovery, damages

2    calculations, and documents from Defendant only twelve days before the

3    mediation at which they reached the previous settlement. *Id.* Ex. B at 2. Former

4    counsel then utilized Defendant's calculations of unpaid time based on

5    Defendant's produced payroll records and Defendant's assumptions to determine

6    and negotiate the final proposed settlement amount. *Id.* At mediation, the former

7    counsel reached a settlement agreement with Stemilt for only $200,000 for a class

8    of over ten thousand farmworkers. ECF No. 1-1 at 446-47. That settlement

9    credited no damages for alleged unpaid meeting time, unpaid ladder transport

10   time, and unpaid waiting time. *Id.* at 449. The agreement also provided for

11   minimal notice to absent class members, relying exclusively on a mailing through

12   the U.S. Postal Service, although many class members resided in Mexico. *Id.* at

13   433-36.

14           In the end, 1,202 class members filed claim forms, and $80,250 was slated

15   to be distributed to this group, with remaining funds reverting to Stemilt after

16   payment of fees and costs. *Id.* at 513. In exchange for this payment, ten thousand

17   class members would release their claims against Stemilt. *Id.* The release was

18   broad enough to potentially extinguish the wage-and-hour claims asserted in a

19   separate class action against Stemilt pending in this Court, *Gomez Garcia v.*

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 5

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  *Stemilt Ag Services LLC*, Case No. 20-cv-00254-SMJ (E.D. Wash. 2020). *Id*. at
2  390-94, 435-36.

3      Intervenor Plaintiffs first learned of the proposed settlement in late October
4  2019, objected to final approval of the settlement in November 2019, and
5  simultaneously moved to intervene. ECF No. 1-1 at 234-40, 288-94. Judge Allan
6  of Chelan County Superior Court granted the motion to intervene and denied final
7  approval of the class settlement. *Id*. at 433-36.

8      On May 5, 2020 Intervenor Plaintiffs moved to designate CLS and FFST as
9  Interim Counsel for the Proposed Class. *Id*. at 444-61. The Court granted the
10  motion on June 3, 2020, and former counsel for Mr. Palma Renteria subsequently
11  withdrew. Cote Decl. ¶¶ 3-4, Ex. B.

12      Between May 2020 and January 2021, Plaintiffs conducted extensive
13  discovery. *Id*. ¶¶ 5-9. Class Counsel issued discovery requests to Stemilt. *Id.* ¶ 5.
14  Stemilt responded to the requests, supplemented its responses twice, and
15  produced over a thousand pages of documents and voluminous data spreadsheets.
16  *Id*. Class Counsel made calls to hundreds of class members and conducted
17  thorough interviews with dozens of them. *Id*. ¶ 6. These interviews helped inform
18  Class Counsel about the facts, nature of the claims, and damages. *Id*.

19      On October 23, 2020, Stemilt removed the case to this Court, invoking
20  federal subject matter jurisdiction under the Class Action Fairness Act. ECF No.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 6

1. This Court then issued a Notice Setting Status Conference, ECF No. 10, and the parties filed a Joint Status Report on December 3, 2020, ECF No. 13.

On January 12, 2021, the parties participated in mediation with experienced mediator James Smith. Cote Decl. ¶ 9. Although the parties did not reach a settlement at the first mediation, they continued negotiating to resolve the claims in this case. *Id.* Plaintiffs also continued conducting formal and informal discovery to ensure they had all necessary documents and information for class certification and trial. *Id.*

During this time, the parties also re-engaged with James Smith for a second day of mediation. *Id.* ¶ 10. On January 25, 2021, the parties reached agreement on the basic contours of a class settlement and executed a detailed term sheet. *Id.* On January 27, 2021, the parties filed a Notice of Class Action Settlement with the Court. ECF No. 18. After that, the parties continued to negotiate the details of the final written agreement, which gave rise to disagreements regarding the final terms and notice procedures. Cote Decl. ¶ 11. The Settlement Agreement was fully executed by the parties on April 6, 2021. *Id.*

At all times, the negotiations were adversarial, non-collusive, and at arm's length. Cote Decl. ¶ 12; Declaration of Joachim Morrison in Support of Motion for Preliminary Approval of Class Action Settlement ("Morrison Decl."), ¶ 3. An executed copy of the Settlement Agreement, including the proposed notice and

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 7

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    claim form, has been filed with the Court as Exhibit A to the Declaration of Marc

2    Cote in Support of Preliminary Approval.

3    **B.    Settlement Terms**

4        The details of the Settlement are contained in the Settlement Agreement

5    filed with the Court. *See* Cote Decl., Ex. A ("Settlement Agreement"). The

6    Settlement Agreement's terms are summarized below.

7        1.    The Settlement Class

8        For purposes of settlement, the parties have stipulated to certification of the

9    following class: "All individuals who were employed by Stemilt AG Services

10    LLC in the position of hand harvester, pruner, picker, thinner, or farm worker and

11    paid on a piece-rate basis at any time from May 21, 2015 to May 17, 2018." Cote

12    Decl., Ex. A, §§ II.A., III.A.1. There are approximately 10,580 Class Members.

13    Cote Decl. ¶ 13. "Settlement Class Members" will include Class Members who

14    do not exclude themselves from the Settlement by the deadline the Court sets. *Id.*,

15    Ex. A at § III.A.1. "Qualified Settlement Class Members" will include Settlement

16    Class Members who timely submit Claim Forms in conformity with the

17    procedures in the Settlement Agreement. *Id.* at § III.A.11.

18        2.    The Settlement's Monetary Relief

19        Stemilt has agreed to pay $3,000,000 (the "Common Fund Payment"). *Id.*

20    at § III.C. The Common Fund Payment will be used to satisfy all of the following,

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 8

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  as approved by the Court: (1) the Settlement Awards to Qualified Settlement

2  Class Members, (2) the Service Awards to be paid to the named Plaintiffs, (3) the

3  Attorneys' Fees Award to Class Counsel, (4) the expenses and costs of litigation

4  paid by Class Counsel ("Costs Payment"), and (5) the Settlement Administration

5  Expenses Award to CPT Group, Inc. *Id.*

6              *a.    Settlement Awards to Qualified Settlement Class Members*

7        After the amounts of the Court-approved Service Awards, Attorneys' Fees

8  Award, Costs Payment, and Settlement Administration Expenses Award are

9  deducted from the Common Fund Payment, the Net Settlement Fund is expected

10 to be no less than $2,072,000. *Id.* at § III.D.

11       Each Settlement Class Member who returns a valid and timely Claim Form

12 will be a Qualified Settlement Class Member, entitled to a Settlement Award. *Id.*

13 at III.A.10. Each Qualified Settlement Class Member's share of the Net

14 Settlement Fund will be a proportional amount based on the sum of the Qualified

15 Settlement Class Member's hours worked for Stemilt in piecework activities

16 during the Settlement Class Period in relation to all hours worked in piecework

17 activities by all Qualified Settlement Class Members during the Settlement Class

18 Period. *Id.* at § III.E.3. Fifty percent (50%) of each Qualified Settlement Class

19 Member's payment will be characterized as wages, and the other fifty percent

20 (50%) will be characterized as non-wage payments. *Id.* at § III.E.4.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 9

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    Assuming the Court grants the requested Service Awards, Attorneys' Fees

2    Award, Costs Payment, and Settlement Administration Expenses Award,

3    Plaintiffs estimate that each Qualified Settlement Class Member will receive <u>a</u>

4    <u>minimum</u> of approximately $5.37 for every day worked, assuming a 100% claims

5    rate. Cote Decl. ¶ 14. This works out to approximately $26.85 in back wages per

6    five-day workweek. *Id*. The average award per worker, assuming a 100% claims

7    rate, would be almost $200, but because it is probable that not all Settlement

8    Class Members will submit Claim Forms, the actual Settlement Awards will

9    likely be significantly higher. *Id*. Even with a 100% claims rate, many Qualified

10    Settlement Class Members would receive checks for over $2,000 each. *Id*.

11    Stemilt will receive no reversion from the Common Fund Payment under

12    any circumstances. *Id*. at § III.K.13. Instead, the Net Settlement Fund will be

13    distributed to the workers who make claims, capped at five times the estimated

14    settlement amount provided in their individual Notices of Settlement. *Id*. at §

15    III.E.3. The proceeds of any uncashed checks or other residual funds that remain

16    after one hundred eighty (180) days following the distribution will be distributed

17    to *cy pres* beneficiaries whose organizations' missions align with the workers'

18    claims in the action, and which are selected by mutual agreement of the Parties or

19    designated by the District Court. *Id*. at § III.K.13.

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 10

### b.    Service Awards

Service awards "are fairly typical in class action cases" and promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Plaintiffs will request Court approval of service awards in the amount of $6,000 each. Cote Decl., Ex. A at § III.I. The proposed $6,000 Service Awards are reasonable considering Plaintiffs' efforts, risks taken, and time expended supporting the litigation as well as the substantial relief obtained. *See In re Online DVD-Rental Antitrust Litig.* ("*Online DVD-Rental*"), 779 F.3d 934, 942–43 (9th Cir. 2015) (stating $5,000 service award "was relatively small" even where unnamed class member awards were just $12 each); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000). Here, Plaintiffs assisted Class Counsel in investigating the claims and understanding the factual background of the lawsuit. Cote Decl. ¶ 17. They provided information to support the claims, participated in meetings with counsel, and were prepared to testify at depositions and at trial. *Id.*

### c.    Attorneys' Fees Award and Costs Payment

At final approval, Class Counsel will request an award of attorneys' fees of twenty-five percent (25%) of the Common Fund Payment. Cote Decl. Ex. A, §

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 11

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  III.D, H. Class Counsel will also seek reimbursement of litigation costs in an

2  amount not to exceed $10,000. *Id.*

3       In accordance with *In re Mercury Interactive Corp. Securities Litigation*,

4  618 F.3d 988, 994 (9th Cir. 2010), Class Counsel's final approval motion,

5  including the fee and cost request, will be filed fourteen days before the deadline

6  for Settlement Class Members to object. Cote Decl. Ex. A, § III.K.7. Class

7  Counsel will request that the Settlement Administrator post the motion for final

8  approval on the settlement website after filing. Cote Decl. ¶ 28.

9       The Attorneys' Fees Award and Costs Payment will compensate and

10  reimburse Class Counsel for (1) the work already performed in this case and the

11  work remaining to be performed in documenting the Settlement, securing court

12  approval, and making sure the Settlement is fairly administered and implemented,

13  and (2) all costs actually incurred by Class Counsel in litigating this action and

14  finalizing this Settlement.

15                 *d.*    *Settlement Administration Expenses Award*

16       The Settlement Agreement provides for a Settlement Administration

17  Expenses Award not to exceed $150,000. Cote Decl. Ex. A, § III.D. The parties

18  have agreed to retain CPT Group, Inc. ("CPT") and Centro de los Derechos del

19  Migrante, Inc. ("CDM") to administer the settlement. *Id.* at § III.A.13. CPT will

20  establish and maintain a "Qualified Settlement Fund" ("QSF"), issue notice to the

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 12

1   Class by mail, text message, Facebook advertisements, and radio announcements,

2   set up a settlement website with the full notice, links to key documents, a listing

3   of key dates and deadlines, and an online settlement website, trace undeliverable

4   mailings, record and track Claim Forms and other responses to the Notice,

5   respond to inquiries from Settlement Class Members, calculate Settlement

6   Awards, calculate and deduct appropriate taxes from the wage allocation of each

7   Settlement Award, issue settlement checks to Qualified Settlement Class

8   Members, issue required tax documents, and perform all necessary tax reporting

9   duties, amongst other things. *Id.* at § III.J.

10      3.    <u>The Release as to All Settlement Class Members</u>

11      The release is appropriately tailored to the claims made in the case.

12   In exchange for the benefits provided by the settlement, Plaintiffs and

13   Settlement Class Members will release only the claims that were or could

14   have been asserted in this lawsuit based on the allegations in the Complaint

15   and that arose from May 21, 2015 to May 17, 2018. *Id.* at §§ III.A.1, III.B.

16   The Released Claims do not include any claims asserted against Stemilt in

17   the Amended Complaint for Damages (ECF No. 38) filed in *Gomez Garcia*

18   *v. Stemilt Ag Services LLC*, Case No. 20-cv-00254-SMJ (E.D. Wash.

19   2020). *Id.* at § III.B.1.

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 13

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    4.    The Settlement Administration and Notice Program

2        As agreed by the parties, CPT and CDM will administer the Settlement.

3    Because the Class consists of migrant and seasonal workers who may be difficult

4    to reach, the parties have agreed to an extremely robust, multi-faceted notice

5    program. CPT will notify Settlement Class Members of the settlement in several

6    ways. CPT will send the written notice (in Spanish and English) to Settlement

7    Class Members through first class mail using the most recent contact information

8    available based on Stemilt's records. *Id.* at § III.K.4.a & Ex. 1. If a notice is

9    returned as undeliverable, CPT will perform a skip trace search and, if it obtains a

10    more recent address, resend the notice. *Id.* at § III.K.6.

11        In addition to mailed notice, CPT will establish and maintain a settlement

12    website, which will display the full notice, in Spanish and English, along with an

13    online claim form Settlement Class Members can use to make a claim, and other

14    key documents and information. *Id.* at § III.K.4.b., III.J.1.

15        CPT will also send a text or WhatsApp message with a link to the

16    settlement website to each Class Member for whom Stemilt possesses a phone

17    number. *Id.* at § III.K.4.c. In addition, CPT will publicize the settlement on

18    Facebook (targeted to migrant and seasonal farm workers in Central and Eastern

19    Washington) with links to the settlement website. *Id.* at § III.K.4.d. CPT will also

20    publicize the Settlement through radio announcements on Spanish-language

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 14

1  stations in Central and Eastern Washington, with the radio announcements

2  running for at least sixty (60) days. *Id.* at § III.K.4.e.

3      In addition, the Settlement Agreement requires Stemilt to provide a

4  Settlement Claim Form (containing an individual Settlement Award estimate) to

5  all Settlement Class Members employed by Stemilt as of the date of this Court's

6  Preliminary Approval Order. *Id.* at § III.K.4.f.

7      Class Counsel will also retain CDM to assist with the notification of the

8  settlement to Settlement Class Members in Mexico, the filing of settlement claims

9  by Settlement Class Members in Mexico, and distribution of Settlement Awards

10  to Qualified Settlement Class Members in Mexico. Specifically, CDM will

11  respond to inquiries from Settlement Class Members in Mexico via phone and

12  WhatsApp, will assist Settlement Class Members in Mexico to make online

13  claims, and will facilitate a funds transfer to Qualified Settlement Class Members

14  in Mexico via Bansefi bank. *Id.* at §§ III.J.1, J.3. All fees, costs and expenses

15  associated with the retention of CDM shall be paid by the settlement

16  administrator out of the QSF. *Id.* at § III.J.3.

17      Settlement Class Members will have ninety days from the Initial

18  Notification Date to submit a Claim Form, to opt out of the settlement, or to

19  submit objections. *Id*. at §§ III.A.6-10, 14, § III.K.4.i, Ex. 1. Settlement Class

20  Members will have three options to submit Claim Forms: (1) They can mail them

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 15

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    back to CPT using envelopes and pre-paid postage included with the Claim

2    Forms; (2) they can submit them using an online form on the settlement website;

3    or (3) they can submit them in person at several Stemilt locations specifically

4    identified on the Notice and Claim Forms. *Id.* at § III.J.5, Ex. 1.

5        Upon final approval, CPT will issue Settlement Awards to all Qualified

6    Settlement Class Members via mailed settlement checks in the U.S. or through

7    Bansefi Bank in Mexico for electronic transfer. *Id.* at § III.K.10.

8                    **III.  ARGUMENT AND AUTHORITY**

9    **A.    The Settlement Approval Process**

10       Proposed class action settlements require court approval. Fed. R. Civ. P.

11   23(e). As a matter of "express public policy," federal courts strongly favor and

12   encourage settlements, particularly in class actions and other complex matters,

13   where the inherent costs, delays, and risks of continued litigation might otherwise

14   overwhelm any potential benefit the class could hope to obtain. *See Class*

15   *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the

16   "strong judicial policy that favors settlements, particularly where complex class

17   action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on*

18   *Class Actions* ("*Newberg*") § 13.1 (5th ed. Dec. 2020 Update) (citing cases). The

19   traditional means for handling claims like those at issue here—individual

20   litigation—would unduly tax the court system, require a massive expenditure of

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 16

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  public and private resources, and, given the small value of the claims of the

2  individual class members, be wholly impracticable. The proposed Settlement is

3  the best vehicle for Class Members to receive relief in a prompt and efficient

4  manner.

5      The Manual for Complex Litigation describes a three-step procedure for

6  approval of class action settlements: (1) preliminary approval of the proposed

7  settlement; (2) dissemination of notice of the settlement to all affected class

8  members; and (3) a "fairness hearing" or "final approval hearing," at which class

9  members may be heard regarding the settlement, and at which evidence and

10  argument concerning the fairness, adequacy, and reasonableness of the settlement

11  may be presented. *Manual for Complex Litigation (Fourth)* §§ 21.632–21.634

12  (Ann. ed., 2017) ("MCL 4th"). This procedure safeguards class members' due

13  process rights and enables the court to fulfill its role as the guardian of class

14  interests. *See Newberg* § 13.1.

15      Plaintiffs request that the Court take the first step in the settlement approval

16  process by granting preliminary approval of the settlement. The purpose of

17  preliminary evaluation of proposed class action settlements is to determine

18  whether the court "will likely be able to" approve the settlement and certify the

19  class, and thus whether notice to the class is worthwhile. Fed. R. Civ. P.

20  23(e)(1)(B). This Court has broad discretion to approve or reject a proposed

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 17

1  settlement. *Online DVD-Rental*, 779 F.3d at 942, 944 (noting that the standard of

2  review is "clear abuse of discretion" and the appellate court's review is

3  "extremely limited").

4      When a case settles before class certification, the Court must also

5  determine whether the class satisfies the Rule 23 requirements for class

6  certification. Because a settled case will not be tried, however, manageability

7  considerations are not relevant. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,

8  620 (1997).

9  **B.    The Settlement Satisfies the Criteria for Preliminary Approval**

10     The court's role at the preliminary approval stage is to ensure "the

11  agreement is not the product of fraud or overreaching by, or collusion between,

12  the negotiating parties, and that the settlement, taken as a whole, is fair,

13  reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp*., 150 F.3d

14  1011, 1027 (9th Cir. 1998) (internal quotation omitted); *see also Online DVD-*

15  *Rental*, 779 F.3d at 944. Rule 23(e)(1)(B) provides that preliminary approval and

16  notice are appropriate where the Court will "likely be able to (i) approve the

17  proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment

18  on the proposal."

19     The following factors guide the Court's consideration of whether a

20  proposed settlement is fair, reasonable, and adequate: (1) the strength of the

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 18

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further

2    litigation; (3) the risk of maintaining class action status through trial; (4) the

3    amount offered in settlement; (5) the extent of discovery completed and the stage

4    of the proceedings; (6) the experience and views of counsel; (7) the presence of a

5    governmental participant; and (8) the reaction of the class members to the

6    proposed settlement. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d

7    935, 946 (9th Cir. 2011) (citing *Churchill Village, LLC v. General Electric*, 362

8    F.3d 566, 575 (9th Cir. 2004)). Courts also consider whether the settlement is the

9    product of collusion between the parties. *Online DVD-Rental*, 779 F.3d at 944.

10    Where, as here, the parties negotiate a settlement before class certification,

11    final settlement approval will require "a higher standard of fairness" and "more

12    probing inquiry." *Roes v. SFBSC Management, LLC*, 944 F.3d 1035, 1048-49

13    (9th Cir. 2019) (citations omitted). Under this more probing inquiry, the court

14    looks at whether there are any "subtle signs of collusion," such as (1) counsel

15    receiving a disproportionate share of the settlement, (2) a "clear sailing"

16    arrangement where the defendant agrees not to object to a certain fee request, and

17    (3) a reversion of unclaimed funds to the defendant. *Id.* at 1049 (internal

18    quotation and citation omitted). No such elements are present in this Settlement.

19    Therefore, preliminary approval is appropriate.

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 19

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

While the threshold for preliminary approval has traditionally required only that the Settlement fall within the "range of possible approval," a preliminary analysis of the final approval criteria shows that Plaintiffs exceed that showing here. *Newberg* § 13.13.

1. The Strength of Plaintiffs' Case

Plaintiffs are confident in the strength of their case, but they also face significant risks. Defendant denied Plaintiffs' allegations and claimed that they separately tracked and paid for time workers spent on tasks outside of piece-rate work. *See* ECF No. 13 at 5. Plaintiffs strongly believe that Stemilt must separately compensate its piece-rate workers for time spent on "non-productive" tasks such as transporting ladders to and from company trailers, waiting to begin picking, thinning, or pruning during weather delays, attending mandatory meetings, storing equipment, and traveling between orchards. *Id*. at 4-5. Stemilt argued, however, that many of these activities are "directly related to the piece-rate activity, and therefore, appropriately included within the applicable piece rate pay," and not subject to hourly compensation. *Id*. at 5. Thus, there were key factual disputes giving rise to risk.

2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Plaintiffs had many hurdles to clear before a potential successful resolution in this case. Entering into settlement negotiations, Plaintiffs and their counsel

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 20

1    were confident in the strength of their case, but also pragmatic in their awareness

2    of the risks inherent to litigation and the various defenses available to Stemilt.

3    The reality is that Settlement Class Members could have ended up recovering

4    only a fraction of the Settlement Agreement's benefits (like they would have

5    under the settlement previously negotiated by former counsel) or losing the case

6    at or before trial. These facts were significant enough to convince Plaintiffs and

7    their counsel that the benefits of the Settlement Agreement reached with Stemilt

8    outweighed the gamble of continued litigation.

9        Stemilt steadfastly denied that it failed to pay its piece-rate workers for all

10   hours worked. Stemilt also forcefully argued that even if Plaintiffs were

11   successful in proving their claims, any damages award would be minimal because

12   any non-productive time was allegedly minimal. If Stemilt was able to convince

13   this Court that Plaintiffs' allegations were overstated or unfounded, Stemilt could

14   effectively reduce the recoverable damages or eliminate them altogether. Even if

15   Plaintiffs did prevail, any recovery could be delayed for years by an appeal.

16       Another risk Plaintiffs faced going forward is that this Court would decline

17   to certify this case as a class action. Stemilt has strenuously denied that class

18   certification is appropriate in this case. If Stemilt was able to present convincing

19   facts to support its position, the Court could have refused to certify the class,

20   leaving only the named Plaintiffs to pursue their claims.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 21

1    In addition, had a settlement not been reached, further litigation would

2 have been expensive, complex, and lengthy. Plaintiffs would have had to continue

3 discovery efforts, including both written discovery and depositions. Plaintiffs

4 would also need to move for class certification, a necessary and always

5 challenging step in the litigation. Before the second mediation, Stemilt issued

6 discovery requests to Plaintiffs and would have vigorously pursued discovery.

7 And Defendants likely would have filed dispositive motions relating to Plaintiffs'

8 claims. Finally, the parties would have conducted a lengthy, expensive trial that

9 would have entailed many Spanish-speaking witnesses, requiring interpreting

10 services.

11    In sum, litigating this case to trial and through any appeals would have

12 been expensive and time-consuming and would present risk to both parties. The

13 Settlement, by contrast, provides prompt and certain relief for Class Members.

14 *See Rodriguez*, 563 F.3d at 966; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

15 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of

16 litigation and compare the significance of immediate recovery by way of the

17 compromise to the mere possibility of relief in the future, after protracted and

18 expensive litigation." (citation omitted)).

19

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 22

3.      The Risk of Maintaining Class Action Status Through Trial

Plaintiffs have not yet moved for class certification. There is a risk that Plaintiffs would not have obtained class certification, or that Defendants could later succeed in moving to decertify. *See Custom LED, LLC v. eBay, Inc.*, No. 12-cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014) ("[B]oth parties recognize that eBay will actively oppose certification of the class if the settlement is not approved. As such, the Court finds that the potential difficulties associated with obtaining class certification weigh in favor of approving the settlement.").

4.      The Amount Offered in Settlement

The Settlement Agreement provides substantial monetary and non-monetary relief. The Settlement creates a $3,000,000 non-reversionary fund. Even if every Settlement Class Member files a claim for a share of the Settlement, Qualified Settlement Class Members are set to receive 100% of possible unpaid non-productive time wages (if assuming two hours of unpaid time for every forty hours worked), or 50% of possible unpaid wages (if assuming four hours of

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 23

1    unpaid time for every forty hours worked)[2] Cote Decl. ¶ 15. Because not all Class

2    Members will file claims, the actual recoveries for the Settlement Class Members

3    who file claims will be significantly higher. This result far exceeds settlements

4    approved by other courts. *See, e.g., Rodriguez*, 563 F.3d at 965 (affirming district

5    court's approval of settlement amounting to 30% of the damages estimated by the

6    class expert); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)

7    (affirming district court's approval of settlement estimated to be worth between

8    1/6 and 1/2 of class members' estimated loss); *In re Omnivision Tech., Inc.*, 559

9    F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to nine

10    percent of estimated total damages). And here, Qualified Settlement Class

11    Members will receive 25 times more than they would have received under the

12    settlement negotiated by Mr. Palma Renteria's former counsel. Cote Decl. ¶ 16.

13        The funds distributed to Qualified Settlement Class Members will be

14    allocated in a manner that is fair and reasonable, and no segment of the Class will

15    be excluded from relief. *See, e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D.

16    215, 225 (N.D. Ill. 2015) (recognizing that when some class members have

17

18    [2] These damages estimates are significantly higher than the potential damages

19    estimated by Stemilt, which had resulted in the $200,000 settlement rejected by

20    Chelan County Superior Court. *See* ECF No. 1-1 at 447; Cote Decl., Ex. B at 2.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 24

1    stronger claims than others, it is appropriate to provide larger settlement awards

2    to those class members). Each Qualified Settlement Class Member's share will be

3    based on his or her actual hours worked in piecework activities. Cote Decl., Ex. A

4    at § III.E.3.

5          5.     <u>The Extent of Discovery Completed and the Stage of Proceedings</u>

6        Under this factor, courts look to whether the parties have sufficient

7    information to make an informed decision with respect to the settlement. *See In re*

8    *Mego Fin. Corp.*, 213 F.3d at 459. Here, Plaintiffs conducted significant

9    discovery before reaching this Settlement. Stemilt responded to Plaintiffs'

10    extensive written discovery requests, supplemented its responses twice, and

11    ultimately produced approximately 1,000 pages of documents and data. Cote

12    Decl. ¶ 5. Class Counsel also interviewed dozens of class members directly. *Id.* ¶

13    6. Thus, Plaintiffs and Class Counsel received adequate written discovery to

14    assess the strength of the claims, the amount of damages incurred by the Class,

15    and the risks of continued litigation.

16          6.     <u>The Experience and Views of Counsel</u>

17        Class Counsel have extensive experience advocating for immigrant

18    workers and investigating, litigating, certifying, trying, and settling class action

19    cases like this one. Cote Decl. ¶¶ 18-25; Morrison Decl. ¶¶ 1-2. As Judge Allan

20    recognized, "Intervenor Plaintiffs' Counsel have significant experience

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 25

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    representing farm workers in class action cases and have achieved strong results

2    for workers in other cases, including cases involving the same legal issues at issue

3    in this case. *See, e.g., Carranza v. Dovex Fruit Co.*, 190 Wn.2d 612, 416 P.3d

4    1205 (2018)." Cote Decl., Ex. B. Indeed, Class Counsel are intimately familiar

5    with the legal issues in this case and in wage-and-hour class actions generally. *Id.*

6    ¶¶ 18-25; Morrison Decl. ¶¶ 1-2. They believe the Settlement is fair, reasonable,

7    adequate, and in the best interest of the Settlement Class as a whole. Cote Decl. ¶

8    18; Morrison Decl. ¶ 4.

9           7.    The Presence of a Governmental Participant

10           While no governmental entity is a party to this litigation, notice will be

11   issued to the Attorney General of the United States and Attorneys General of each

12   state in which a Class Member resides in accordance with the Class Action

13   Fairness Act, 28 U.S.C. § 1715, and such officials will be given an opportunity to

14   raise any objections or concerns they may have. Cote Decl., Ex. A, § III.M.

15           8.    The Reaction of Class Members to the Settlement

16           The Settlement Class Members have not yet had an opportunity to react to

17   the Settlement because they have not been sent notice. Plaintiffs will provide the

18   Court with information about Class Members' reaction in their motion for final

19   approval and supplemental briefing.

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 26

9.    The Settlement Is the Product of Informed and Non-Collusive Negotiations

The parties participated in arm's-length settlement negotiations over the course of two days of mediation, followed by continuing negotiations on the settlement details, ultimately resulting in the Settlement Agreement. *See Ruch v. AM Retail Group, Inc.*, No. 14-cv-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016) (holding that the "process by which the parties reached their settlement," which included "formal mediation … weigh[ed] in favor of preliminary approval").

In the aggregate, the benefits to Class Members described in the Settlement Agreement, paired with the ample markers of non-collusive negotiations exceed the heightened fairness standard required where settlement precedes class certification. *See Roes*, 944 F.3d at 1049.

## C.    Class Counsel's Requested Attorneys' Fees and Costs Are Reasonable

Class Counsel intend to seek an award of twenty-five percent (25%) of the Common Fund Payment to compensate them for the work performed on behalf of the Class and the work yet to be performed. Class Counsel will also seek no more than $10,000 as reimbursement for out-of-pocket expenses incurred in prosecuting this action.

The attorneys' fees and costs Class Counsel seek are reasonable under the circumstances of this case. *See In re Bluetooth*, 654 F.3d at 941 (requiring that

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 27

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1   any attorneys' fee awarded be reasonable). Because Washington law governs the

2   central claims in the case, it also governs the award of fees. *Vizcaino v. Microsoft*

3   *Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Under Washington law, the

4   percentage-of-recovery approach is used in calculating fees in common fund

5   cases." *Id.* (citing *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440

6   (1993)). For common fund cases in the Ninth Circuit, the "primary basis of the

7   fee award remains the percentage method." *Id.* at 1047, 1050–51 (affirming

8   attorney fee award of 28% of the common fund, which represented a lodestar

9   multiplier of 3.65). "This method aligns the interests of counsel and the class by

10  allowing class counsel to directly benefit from increasing the size of the class

11  fund." *Craft v. Cty. Of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal.

12  2008).

13      The "benchmark" for a percentage fee award is "25 percent of the recovery

14  obtained." *Vizcaino*, 290 F.3d at 1047 (quoting *Bowles*, 121 Wn.2d at 72–73).

15  Generally, "fees of less than 25% will be awarded in megafund cases (cases of

16  $50 million or more)," while "[c]ases of under $10 million will often result in

17  fees above 25%." *Craft*, 624 F. Supp. 2d at 1127.

18      Here, Class Counsel seek the standard benchmark amount of 25% of the

19  common fund, which is appropriate in light of the exceptional results achieved,

20  the risks inherent in the case, the benefits beyond the cash settlement fund, and

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 28

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1   the fact that this contingency fee case has required counsel to forego other work.

2   *See Vizcaino*, 290 F.3d at 1049–50. Class Counsel have spent well over a

3   thousand hours working on this case on behalf of the Class. Cote Decl. ¶ 26.

4   Finalizing the settlement, overseeing notice to a Class of over ten thousand

5   migrant and seasonal farm workers, and distributing the Net Settlement Fund will

6   require an additional time commitment. Class Counsel will file a motion for final

7   approval and fee petition detailing their work on behalf of the Class and the basis

8   for the fee and cost request no later than fourteen days before the Notice

9   Deadline. Cote Decl., Ex. A at § III.K.7.

10  **D.     Certification of the Class for Purposes of Settlement Is Appropriate**

11          Provisional certification of a class for settlement purposes permits class

12  members to receive notice of the Settlement, their right to be heard on its

13  fairness, their right to opt out, and the date, time, and place of the formal fairness

14  hearing. *See* MCL 4th §§ 21.632, 21.633. For the reasons set forth below,

15  provisional certification is appropriate under Rule 23(a) and (b)(3).

16          1.      The Class Satisfies the Requirements of Rule 23(a)

17          The Rule 23(a) requirements are numerosity, commonality, typicality, and

18  adequacy. Fed. R. Civ. P. 23(a). Stemilt's data shows the Class includes

19  approximately 10,580 people. Joinder of all such persons is impracticable. *See*

20  Fed. R. Civ. P. 23(a)(1); *Hanlon*, 150 F.3d at 1019.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 29

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    The commonality requirement is satisfied because there are many questions

2 of law and fact common to the Class that center on Stemilt's uniform employment

3 practices. *See* Fed. R. Civ. P. 23(a)(2); *Vaquero v. Ashley Furniture Indus., Inc.*,

4 824 F.3d 1150, 1154 (9th Cir. 2016) (holding that commonality was satisfied

5 based on common issue presented by compensation plan where sales associates

6 were compensated only through commissions but also performed work not

7 "directly involved in selling").

8    Here, Plaintiffs' claims present issues that are very similar to the issues the

9 Ninth Circuit found satisfied the commonality requirement in *Vaquero*: whether

10 Stemilt's common policy of not separately paying piece-rate workers for non-

11 productive work violates the Washington Minimum Wage Act. *See id.* at 1154

12 (holding sales associate pleaded a common claim capable of class-wide resolution

13 when he asserted that employer's commission plan did not compensate for non-

14 sales work).

15    The typicality requirement is satisfied because Plaintiffs' claims, which are

16 based on Stemilt's uniform compensation and timekeeping practices are

17 "reasonably coextensive with those of the absent class members." *See* Fed. R.

18 Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash.

19 2003).

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 30

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    The adequacy of representation requirement is satisfied because Plaintiffs'

2    interests are coextensive with, and not antagonistic to, the interests of the Class.

3    *See* Fed. R. Civ. P. 23(a)(4); *see also Hansen*, 213 F.R.D. at 415–16. Further,

4    Plaintiffs are represented by qualified and competent counsel who have extensive

5    experience and expertise in prosecuting wage-and-hour class actions, including

6    cases involving migrant and seasonal farm workers. *See* Cote Decl. ¶¶ 18-25;

7    Morrison Decl. ¶¶ 1-2.

8         2.    The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

9         Class certification is appropriate under Rule 23(b)(3) when the court finds

10   that "questions of law or fact common to class members predominate over any

11   questions affecting only individual members, and that a class action is superior to

12   other available methods for fairly and efficiently adjudicating the controversy."

13   Fed. R. Civ. P. 23(b)(3). Both requirements are satisfied in this case.

14        Predominance is satisfied here because the common and overarching

15   questions in this case are whether the Washington Minimum Wage Act requires

16   agricultural employers to separately pay piece-rate workers for non-piecework

17   time and whether Stemilt did so. *Vaquero*, 824 F.3d at 1154 (holding that claims

18   for unpaid time in commission pay system satisfied predominance requirement

19   and recognizing that need for individualized damages calculations does not defeat

20   certification).

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 31

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    In addition, damages awards can be calculated using Stemilt's records.

2 There are no individualized issues that undermine predominance.[3]

3    Resolution of thousands of relatively small-value claims in this one action

4 is far superior to individual lawsuits and promotes consistency and efficiency of

5 adjudication. *See* Fed. R. Civ. P. 23(b)(3); *see also Hansen*, 213 F.R.D. at 416–17

6 (noting that cumbersome nature of individual litigation and comparatively

7 minimal damages recoverable make it likely that class members will have little

8 interest in bringing their own action).

9    The requirements of both Rule 23(a) and (b)(3) are met and certification of

10 the Class for purposes of settlement is appropriate.

11 **E.    Appointment of CLS and FFST as Class Counsel is Appropriate**

12    A "court that certifies a class must appoint class counsel." Fed. R. Civ. P.

13 23(g)(1). The court must consider counsel's work in investigating the class's

14 _____

15 [3] The Ninth Circuit's decision in *In re Hyundai and Kia Fuel Economy Litig.*, 881

16 F.3d 679 (9th Cir. 2018), is not relevant here. *Hyundai* addressed the standards

17 applicable when a district court is asked to approve a settlement of a nationwide

18 class. *Id.* at 691–92. In contrast to *Hyundai*, all of the Class's claims are governed

19 by either Washington or federal law, so there are no choice-of-law issues to

20 consider.

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 32

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    claims, experience in handling class actions and the types of claims asserted in

2    the action, and knowledge of applicable law, as well as the resources that counsel

3    will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may

4    additionally "consider any other matter pertinent to counsel's ability to fairly and

5    adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

6         As discussed above, Class Counsel have spent over a thousand hours

7    working on the Class's claims, including through hundreds of phone calls to Class

8    members and analysis of over a thousand documents and voluminous data

9    produced in discovery. Cote Decl. ¶¶ 5-9, 26. Class Counsel also have extensive

10   experience advocating for immigrant workers and investigating, litigating,

11   certifying, trying, and settling class action cases like this one. Cote Decl. ¶¶ 18-

12   25; Morrison Decl. ¶¶ 1-2. Class Counsel have obtained strong settlements for

13   farm workers in similar cases. Cote Decl. ¶ 21; Morrison Decl. ¶ 1. Class Counsel

14   have also secured stronger wage-and-hour protections for farm workers under

15   Washington law, including the issue of compensability for "non-productive" time

16   for piece-rate workers at issue here. Cote Decl. ¶ 21 & Ex. B at 2. Class

17   Counsel's knowledge of applicable law is therefore extensive. Finally, Class

18   Counsel will continue to dedicate significant staffing resources to representing the

19   Settlement Class by overseeing the settlement claims process.

20        This Court may additionally consider Class Counsel's extraordinary steps in

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 33

1    intervening in this matter to ensure a stronger result for members of the proposed

2    class than the settlement negotiated by former counsel. *Id*. ¶ 3 & Ex. B. Based on

3    the above listed qualifications, Judge Allan saw fit to designate Class Counsel as

4    Interim Counsel for the Proposed Class when the matter was still pending in

5    Chelan County Superior Court. *Id*.

6    **F.    The Proposed Notice Program Is Constitutionally Sound**

7        Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to

8    all class members who would be bound by" a settlement. Fed. R. Civ. P. 23(e)(1);

9    *see also* MCL 4th § 21.312. The best practicable notice is that which is

10    "reasonably calculated, under all the circumstances, to apprise interested parties

11    of the pendency of the action and afford them an opportunity to present their

12    objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314

13    (1950). Notice is constitutionally sound if it employs a variety of methods to

14    reach all class members, including those who no longer have a relationship with

15    the defendant. *See Roes*, 944 F.3d at 1045-46.

16        Here, Settlement Class Members can be identified through Stemilt's

17    records. The parties have agreed to a robust, multi-faceted notice program that is

18    tailored to ensuring Settlement Class Members receive notice of the Settlement.

19    As described above, CPT will send the written notice (in Spanish and English) to

20    Settlement Class Members directly through by mail using the most recent contact

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 34

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  information available. CPT will promptly resend undeliverable notices to

2  forwarding addresses or through the use of a skip trace search. CPT will also

3  create a settlement website, which will display the full notice, in Spanish and

4  English, and will send a text message or WhatsApp message with a link to the

5  settlement website to Settlement Class Members. In addition, CPT will publicize

6  the settlement on Facebook. CPT will also set up radio announcements on

7  Spanish-language radio stations in the region of Stemilt's orchards. Through each

8  of these outreach methods, CPT will endeavor to reach as many of the Settlement

9  Class Members as possible. CDM's efforts in Mexico will also assist in reaching

10 Settlement Class Members there.

11      Notice of a class settlement must generally inform class members of the

12 following: (1) the nature of the pending litigation; (2) the general terms of the

13 settlement; (3) the definition of the class; and (4) the options open to the class

14 members and the deadlines for taking action. *See Newberg* § 8:17. The notice in

15 this case provides all of this information in plain and easily understood language

16 (which will be translated to Spanish), with neutral and objective information

17 about the nature of the Settlement and where to find more information. Cote

18 Decl., Ex. A, Ex. 1. The settlement website will include the full notice in Spanish

19 and English, an online claim form, links to key documents in the case, and a

20

PLAINTIFFS' MOTION FOR PRELIMINARY          FRANK FREED SUBIT & THOMAS LLP
APPROVAL OF CLASS ACTION                    Suite 1200 Hoge Building, 705 Second Avenue
SETTLEMENT - 35                             Seattle, Washington 98104-1798
                                            (206) 682-6711

1  listing of key dates and deadlines. For these reasons, this Court should find the

2  robust, multi-faceted notice program to be adequate to satisfy due process.

3  **G.    The Schedule for Final Approval**

4          The next steps in the settlement approval process are to schedule a final

5  approval hearing, notify class members of the Settlement and final approval

6  hearing, and provide Settlement Class Members with the opportunity to exclude

7  themselves from, or object to, the Settlement. The parties propose the following

8  schedule for final approval of the Settlement:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Deadline for Issuing Class Notice ("Initial Notification Date") | 14 days after entry of Preliminary Approval Order |
| Deadline for Motion for Final Approval and Fee Request | 14 days before Notice Deadline |
| Exclusion/Objection Deadline ("Notice Deadline") | 90 days after Initial Notification Date |
| Deadline for Supplemental Memorandum in Support of Final Approval and Response to Objections | 14 days after Notice Deadline |
| Final Approval Hearing / Noting Date | No earlier than 125 days after Preliminary Approval Order is entered |
| Final Approval Order Entered | At the Court's discretion |

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 36

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

## IV.    CONCLUSION

2      For the foregoing reasons, Plaintiffs respectfully request that the Court take

3   the following initial steps in the settlement approval process: (1) provisionally

4   certify the proposed Class; (2) appoint Plaintiffs as the class representatives; (3)

5   appoint Frank Freed Subit & Thomas LLP and Columbia Legal Services as Class

6   Counsel; (4) grant preliminary approval to the Settlement; (5) approve the

7   proposed notice plan; (6) appoint CPT Group, Inc. as Settlement Administrator;

8   and (7) schedule the final fairness hearing and related dates.

9      RESPECTFULLY SUBMITTED AND DATED this 9th day of April,

10  2021.

11                      FRANK FREED SUBIT & THOMAS LLP

12                      s/ *Marc C. Cote*
                        Marc C. Cote, WSBA #39824
13                      Sean M. Phelan, WSBA #27866
                        Anne E. Silver, WSBA #51695
14                      705 Second Avenue, Suite 1200
                        Seattle, WA 98104-1798
15                      Telephone: (206) 682-6711
                        Facsimile: (206) 682-0401
16                      Email: mcote@frankfreed.com
                        Email: sphelan@frankfreed.com
17                      Email: asilver@frankfreed.com

18                      COLUMBIA LEGAL SERVICES
                        Joachim Morrison, WSBA #23094
19                      Xaxira Velasco Ponce de Leon,
                        WSBA #55646
20                      300 Okanogan Avenue, Suite 2A

PLAINTIFFS' MOTION FOR PRELIMINARY        FRANK FREED SUBIT & THOMAS LLP
APPROVAL OF CLASS ACTION                  Suite 1200 Hoge Building, 705 Second Avenue
SETTLEMENT - 37                           Seattle, Washington 98104-1798
                                          (206) 682-6711

Wenatchee, WA 98801
Telephone: (509) 662-9681
Email: joe.morrison@columbialegal.org
Email: xaxira.poncedeleon@columbialegal.org

*Attorneys for Plaintiff, Intervenor Plaintiffs,
and Proposed Settlement Class*

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 38

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

<u>CERTIFICATE OF SERVICE</u>

2

     I, Marc C. Cote, hereby certify that on April 9, 2021, I electronically filed

3

the foregoing with the Clerk of the Court using the CM/ECF system which will

4

send notification of such filing to the following:

5

         Robert R. Siderius, Jr., WSBA # 15551
         Stephanie J. Stauffer, WSBA # 39501

6

         JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
         Attorneys for Defendant

7

         2600 Chester Kimm Road
         P.O. Box 1688

8

         Wenatchee, WA 98807-1688
         Telephone: (509) 662-3685

9

         Facsimile: (509) 662-2452
         Email: bobs@jdsalaw.com

10

         Email: stephanieb@jdsalaw.com

11

     DATED this 9th day of April, 2021.

12

13

               FRANK FREED SUBIT & THOMAS LLP

14

               By: <u>/s/ Marc C. Cote, WSBA #39824</u>
                   Marc C. Cote, WSBA #39824

15

                   705 Second Avenue, Suite 1200
                   Seattle, Washington 98104

16

                   Telephone: (206) 682-6711
                   Facsimile: (206) 682-0401

17

                   Email: mcote@frankfreed.com

18

               *Attorneys for Plaintiff, Intervenor Plaintiffs, and*
               *Proposed Settlement Class*

19

20

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT - 39