1

2    Marc Cote
    Frank Freed Subit & Thomas LLP

3    705 Second Avenue, Suite 1200
    Seattle, Washington 98104

4    (206) 682-6711
    Email: mcote@frankfreed.com

5

6                UNITED STATES DISTRICT COURT

7                EASTERN DISTRICT OF WASHINGTON

HON. SALVADOR MENDOZA JR.

8

| | |
|---|---|
| OMAR PALMA RENTERIA, individually and on behalf of all others similarly situated, | NO. 2:20-cv-00392 |
| Plaintiff, | **PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| GILBERTO GOMEZ GARCIA and JONATHAN GOMEZ RIVERA, individually and on behalf of all others similarly situated, | Noted for Hearing: 9/9/2021 at 1:30 p.m. With Oral Argument |
| Intervenor Plaintiffs, | |
| v. | |
| STEMILT AG SERVICES, LLC, a solely owned subsidiary of Stemilt Growers, LLC and DOES 1-10, inclusive, | |
| Defendant. | |

PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ...................................................................................1

II.    STATEMENT OF FACTS ......................................................................2

    A.    The settlement provides significant relief to Qualified Settlement Class Members ..................................................................3

    B.    CPT and CDM have executed the approved notice and settlement administration program ......................................................4

III.    AUTHORITY AND ARGUMENT ...........................................................8

    A.    The Settlement satisfies the criteria for final approval .....................8

        1.    The strength of Plaintiffs' case.............................................10

        2.    The risk, expense, complexity, and likely duration of further litigation ............................................................10

        3.    The risk of maintaining class action status through trial ........13

        4.    The amount offered in settlement..........................................13

        5.    The extent of discovery completed and stage of proceedings.........................................................................15

        6.    The experience and views of counsel....................................16

        7.    The presence of a governmental participant ..........................16

        8.    The reaction of Class Members.............................................17

        9.    The Settlement is the product of informed and non-collusive negotiations...........................................................18

    B.    Class Members received the best notice practicable ......................19

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

2     C.     The proposed service awards are reasonable .....................................20

3     D.     This Court should approve late claims submitted by September 9, 2021 .................................................................................................21

4

E.     The settlement administration expenses award is reasonable ..........21

5

F.     The payment of attorneys' fees at the benchmark level is fair and reasonable ........................................................................................23

6

7     1.     Class Counsel's fee request is reasonable under the percentage-of-recovery approach ...........................................25

8

9     2.     A lodestar cross-check confirms the requested fee is reasonable .........................................................................30

10     i.     Counsel have spent a reasonable number of hours on this case .................................................................31

11

12     ii.     Counsel's hourly rates are reasonable ..........................33

iii.     A lodestar multiplier is appropriate ..............................36

13

14     G.     Reimbursement of Class Counsel's litigation costs is reasonable ......................................................................................39

15     H.     The Court should designate the Northwest Justice Project as a *cy pres* beneficiary .............................................................................40

16     IV.     CONCLUSION .......................................................................................42

17

18

19

20

21

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## <u>TABLE OF AUTHORITIES</u>

**Page No.**

### STATE CASES

*Bowers v. Transamerica Title Ins. Co.*,
    100 Wn.2d 581, 675 P.2d 193 (1983)..................................................31, 34

*Bowles v. Dep't of Ret. Sys.*,
    121 Wn.2d 52, 847 P.2d 440 (1993) ....................................................*passim*

*Broyles v. Thurston County*,
    147 Wn. App. 409, 195 P.3d 985 (2008).....................................................34

*Carranza v. Dovex Fruit Co.*,
    190 Wn.2d 612, 416 P.3d 1205 (2018)................................................16, 27

*Forbes v. Am. Bldg. Maint. Co. W.*,
    170 Wn.2d 157, 240 P.3d 790 (2010)..........................................................28

*Lyzanchuk v. Yakima Ranches Owners Ass'n, Phase II, Inc.*,
    73 Wn. App. 1, 866 P.2d 695 (1994)...................................................23, 24

*Schilling v. Radio Holdings, Inc.*,
    136 Wn.2d 152, 375, 961 P.2d 371 (1998)...............................................41

*Steele v. Lundgren*,
    96 Wn. App. 773, 982 P.2d 619 (1999).......................................................35

### FEDERAL CASES

*Camacho v. Bridgeport Fin. Servs.*,
    523 F.3d 973 (9th Cir. 2008)........................................................................33

*Craft v. Cnty. Of San Bernardino*,
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ..................................25, 29, 38, 39

*Custom LED, LLC v. eBay, Inc.*, No. 12- cv-00350-JST, 2014 WL 2916871, at *4
    (N.D. Cal. June 24, 2014) ..........................................................................13

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iii

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

*Dennis v. Kellogg Co.*,
    697 F.3d 858, 865 (9th Cir. 2012) .................................................. 40, 41, 42

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) .................................................................. 35

*Gehrich v. Chase Bank USA, N.A.*,
    316 F.R.D. 215, 225 (N.D. Ill. 2015) ................................................ 14, 15

*Hageman v. AT&T Mobility LLC*,
    No. CV 13-50-BLG-RWA,
    2015 WL 9855925 (D. Mont. Feb. 11, 2015) ............................................ 28

*Ikuseghan v. Multicare Health Sys.*,
    Case No. C14-5539 BHS, 2016 WL 4363198
    (W.D. Wash. Aug. 16, 2016) ........................................................ 24, 25, 28

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ................................................................ *passim*

*In re Gypsum Antitrust Cases*,
    565 F.2d 1123, 1128 (9th Cir. 1977) ........................................................ 21

*In re Hyundai and Kia Fuel Economy Litig.*,
    926 F.3d 539, 567-68 (9th Cir. 2019) .................................................. 18, 19

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................... 40

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996) .................................................. 39, 40

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .......................................................... 14, 15, 28

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) .................................................................. 19

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iv

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

*In re Omnivision Tech., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)................................... 14, 17, 29, 30

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015)............................................8, 9, 33

*In re Pacific Enterprises Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995)................................................25, 28

*In re Wash. Pub. Power Supply Sys. Secs. Litig.*,
   19 F.3d 1291 (9th Cir. 1994).....................................................36

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*,
   No. 16-CV-03698-NC, 2018 WL 2183253
   (N.D. Cal. May 11, 2018) ........................................................38

*Martinez v. Auvil Fruit Company, Inc.*,
   No 2:16-CV-00356-RMP (E.D. Wash. Oct. 10, 2018) .............................30

*McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*,
   No. 1:16-cv-00157-DAD-JLT, 2017 WL 5665848
   (E.D. Cal. Nov. 27, 2017) .......................................................38

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008)........................................... 31, 32, 33

*Nachshin v. AOL, LLC*,
   663 F.3d 1034, 1036 (9th Cir. 2011) .........................................40

*Pan v. Qualcomm Inc.*,
   No. 16-CV-01885-JLS-DHB,
   2017 WL 3252212 (S.D. Cal. July 31, 2017) ..............................38

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009)......................................17, 21

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009).......................................... 12, 14, 20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - v

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

*Roes v. SFBSC Management, LLC*,
    944 F.3d 1035 (9th Cir. 2019)....................................................................9

*Romero v. Producers Dairy Foods, Inc.*,
    No. 1:05CV0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) .....29

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821-IEG (BLM),
    2010 WL 2196104 (S.D. Cal. Jun. 1, 2010) .......................................28, 29

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir 2003)......................................................................23

*Steiner v. Am. Broad. Co., Inc.*,
    248 F. App'x 780 (9th Cir. 2007)...............................................................38

*Tadepalli v. Uber Techs., Inc.*,
    No. 15-CV-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ....17

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995).............................................................39

*Vandervort v. Balboa Capital Corp.*,
    8 F. Supp. 3d 1200 (C.D. Cal. 2014).........................................................28

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010)...............................................................28

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002)............................................................*passim*

*Zients v. LaMorte*,
    459 F.2d 628, 630-31 (2d. Cir. 1971)........................................................21

## OTHER AUTHORITIES

*Manual for Complex Litigation* (Fourth)
    (Ann. ed., May 2021).....................................................................................8

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*
    (5th ed. Dec. 2020 Update) ........................................................29

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - vii

# I. INTRODUCTION

Plaintiff Omar Palma Renteria and Intervenor Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera respectfully request that the Court grant final approval of the class action settlement they reached with Stemilt AG Services LLC. The settlement requires Stemilt to pay $3,000,000 for a non-reversionary settlement fund for the benefit of the piece-rate farm workers who make up the Settlement Class.[1] The settlement is an excellent result for the Class. Qualified Settlement Class Members are set to receive payments for over 200% of their actual damages.

Settlement Administrator CPT Group, Inc. ("CPT") and Centro de los Derechos del Migrante, Inc. ("CDM") have implemented a robust, multifaceted notice program. CPT provided notice by mail to the Settlement Class in addition to text messages to Class Members, executed a targeted social media campaign on Facebook, and purchased radio advertisements about the settlement on two Spanish-language radio stations in the region where many Class Members live and work. CPT also fielded calls from Class Members and maintained a settlement website through which Class Members can submit an online claim form, access

---

[1] Terms that are capitalized in this brief have the meaning described in the Settlement Agreement. *See* ECF No. 27-1 at 16-30.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 1

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

case documents, and stay apprised of deadlines. Simultaneous to CPT's multifaceted notice program, CDM distributed settlement notice to Settlement Class Members in Mexico via WhatsApp message, SMS text message, and voice calls. CDM also fielded inquiries from Class Members. This robust notice program is the best notice practicable under the circumstances to reach the migrant and seasonal workers who comprise the Class, and it satisfies due process. The reaction of the Class has been positive. No Class Member has objected, and no Member has requested exclusion.

Plaintiffs ask that the Court grant final approval of the settlement by: (1) finding it to be fair, adequate, and reasonable; (2) determining that adequate notice was provided to the Class; and (3) approving the requested attorneys' fees, costs, settlement administration expenses, and service awards.

## II.  STATEMENT OF FACTS

On April 27, 2021, this Court granted preliminary approval of the settlement. ECF No. 29. The settlement requires Stemilt to pay $3,000,000 (the "Common Fund Payment") to establish a non-revisionary settlement fund for the benefit of the Settlement Class, which is made up of 10,580 farm workers whom Stemilt has identified as Settlement Class Members in this action. *See* ECF No. 27-1 at 18 (Settlement Agreement § III.C); Declaration of Marc C. Cote in Support of

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Plaintiffs' Motion for Final Approval of Class Action Settlement ("Cote Decl."), ¶ 5.

## A. The settlement provides significant relief to Qualified Settlement Class Members.

Under the Settlement Agreement, Class Members who submit Settlement Claim Forms by the deadline will be "Qualified Settlement Class Members" and will receive a pro rata share of the Net Class Fund. ECF No. 27-1 at 17, 20 (§§ III.A.10, III.E.3-4). If approved by the Court, Plaintiffs will each receive a service award of $6,000 from the Common Fund Payment. *Id*. at 21 (§ III.I). In addition, a Settlement Administration Expenses Award not to exceed $138,000 will be used to compensate CPT and CDM for their services. Cote Decl., ¶ 7. If approved, Class Counsel will receive a benchmark 25% attorney fee award and a costs payment of $7,267.60. *See* ECF No. 27-1 at 19 (§ III.D); Cote Decl., ¶¶ 22, 37. The remaining amount, more than $2,101,732.40 (the "Net Settlement Fund"), will be distributed directly to Qualified Settlement Class Members. ECF No. 27-1 at 19-20 (§§ III.D. & E.3); Cote Decl., ¶ 8.

Each Qualified Settlement Class Member's Settlement Award will be the Member's proportional share of the Net Settlement Fund based on his or her hours worked for Stemilt in piecework activities during the Settlement Class Period in relation to all hours worked in piecework activities by all Qualified Settlement Class Members during the Settlement Class Period. *See id*. Based on the current

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 3

1  claims rate, Qualified Settlement Class Members are expected to receive payments

2  for more than 200% of their actual damages, on average. Cote Decl., ¶ 6. The

3  average payment per Qualified Settlement Class member is expected to be over

4  $790. Declaration of Emilio Cofinco Regarding Notification and Claims

5  Administration ("CPT Decl."), ¶ 22; Cote Decl., ¶ 6. By contrast, under the

6  agreement reached by Plaintiff Omar Palma Renteria's former counsel, the 11% of

7  class members who filed claims would have received an average settlement award

8  of only $66.76. *See* ECF No. 1-1 at 173-74. Accordingly, average Qualified

9  Settlement Class Members' payments will be nearly 12 times higher than the

10  awards they would have received absent intervention by Intervenor Plaintiffs and

11  Class Counsel. The total Net Settlement Fund distributed to the Qualified

12  Settlement Class Members, which is expected to be more than $2,101,732.40, will

13  be over 25 times the $80,250 the class would have received under the previous

14  settlement. *Id.* at 174.

15  **B.    CPT and CDM have executed the approved notice and settlement administration program.**

16  After the Court granted preliminary approval, CPT and CDM commenced

17  the robust notice program. Pursuant to the Class Action Fairness Act ("CAFA"),

18  28 U.S.C. § 1715, Stemilt also sent notice of the settlement to the United States

19  Attorney General and the attorneys general of all states in which any Class Member

20  resides on April 16, 2021. *See* Cote Decl., ¶ 9.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4

1    CPT initially mailed 10,580 court-approved settlement notices to Class

2    Members. CPT Decl., ¶ 6. Prior to mailing, the addresses were updated using a

3    National Change of Address ("NCOA") database. *Id.* ¶ 4. CPT received 382 notices

4    returned by the USPS as undeliverable, 16 of which had a forwarding address, and

5    CPT performed a "skip trace" search and found new addresses for the other 366

6    returned notices. *Id.* ¶ 13. CPT then re-mailed 248 notices to the updated addresses.

7    *Id.* ¶ 14. As of July 19, 2021, only 172 notices (about 1.6% of the initial mailings)

8    remain undeliverable. *Id.*

9        CPT also created a settlement website that contains the full settlement notice,

10   in Spanish and English, as well as an online claim form Class Members can use to

11   make a claim. CPT Decl., ¶ 8. CPT also sent text messages with a link to the

12   settlement website to each Class Member for whom Stemilt possessed a phone

13   number. *Id.* ¶ 7. In addition, CPT publicized the settlement on Facebook, "utilizing

14   the demographics and psychographics of the presumed target audience." *Id.* ¶ 10.

15   Class Counsel worked with CPT to modify its online outreach strategy based on

16   progress reports from CPT. Cote Decl., ¶ 12. For example, CPT modified the user

17   criteria and geographic areas by which Facebook targeted the settlement

18   advertisements to reach more Settlement Class Members. *Id.* ¶ 12. CPT also

19   purchased radio advertisements regarding the Settlement on the following Spanish-

20   language radio stations in the areas where Stemilt workers reside: La Nueva

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1   KWLM 92.1/103.3 FM and Radio Cadena KDNA 91.9 FM. CPT Decl., ¶ 11; Cote

2   Decl., ¶ 11.

3        Finally, CPT established a toll-free telephone number and email address

4   (arregloconstemilt@cptgroup.com) dedicated to answering calls from Class

5   Members. CPT Decl., ¶ 9.

6        Stemilt also provided Settlement Claim Forms prepared by CPT to each

7   Settlement Class Member employed by Stemilt as of April 27, 2021, the date this

8   Court granted Preliminary Approval. Cote Decl., ¶ 13; ECF No. 27-1 at 22-23 (§

9   III.J.4). Stemilt also installed lock boxes at its ranch offices where Settlement Class

10  Members could return completed Settlement Claim Forms and mailed completed

11  forms to CPT. ECF No. 27-1 at 22-23 (§§ III.J.4-.5).

12       Meanwhile, CDM conducted its own outreach targeting Settlement Class

13  Members in Mexico. CDM manually sent notice of Settlement via WhatsApp and

14  SMS text message to 500 Settlement Class Members in Mexico. Declaration of

15  Benjamin Richard Botts ("CDM Decl."), ¶ 4 (296 WhatsApp text messages and

16  204 SMS text messages). CDM also communicated notice via voice call to 13

17  Settlement Class Members in Mexico whose phone numbers provided by Stemilt

18  were landlines. *Id*. ¶ 5. CDM further responded to 245 individual Class Members'

19  inquiries, assisted 26 claimants in filing online claim forms, verified a claim by one

20  deceased class members' next-of-kin, and referred nine claimants who were not

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1   readily verifiable to Class Counsel to verify their claims. *Id.* ¶¶ 6-9. CDM will also

2   assist Qualified Settlement Class Members with funds transfers through Bansefi

3   Bank in Mexico to ensure they receive their settlement payments. *Id.* ¶ 11.

4   Throughout the notice period, CDM kept Class Counsel apprised of its progress

5   through periodic reports. *Id.* ¶ 10.

6       The reaction of Settlement Class Members to this Settlement has been

7   completely positive so far. *See* Cote Decl., ¶ 14. The deadline for opting out of or

8   objecting to the Settlement is August 9, 2021. To date, no Class Members have

9   objected to or opted out of the Settlement. *Id.*; CPT Decl., ¶¶ 17-18.

10      Excluding duplicates, CPT has received 2,603 Claim Forms, of which 2,372

11  have already been validated. CPT Decl., ¶ 20. Class Members have submitted 1,571

12  Claim Forms via the settlement website, and CPT is in the process of verifying the

13  validity of 231 of those online Claim Forms. *Id.* ¶¶ 19-20.[2] Thus, the current claims

14  rate is between 22.42% (validated claims) and 24.6% (all claims). *Id.* The

15  settlement negotiated by former counsel for Mr. Renteria Palma, by contrast,

16

17  [2] To avoid unnecessary barriers to claim submission, CPT will accept all valid

18  claims submitted by Qualified Settlement Class Members, whether or not they

19  submit passwords and settlement identification numbers supplied by CPT in its

20  mailed Settlement Claim Forms. CPT Decl., ¶ 8.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7

yielded a claims rate of only 11%. ECF No. 1-1 at 173-74. Thus, the current claims rate shows about twice as many claims. *See* CPT Decl., ¶ 20.

## III. AUTHORITY AND ARGUMENT

This Court has broad discretion to approve a proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review is "clear abuse of discretion" and appellate court's review is "extremely limited"). On a motion for final approval of a class action settlement, the Court must determine whether the settlement is "fair, reasonable, and adequate" after considering whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). A settlement merits final approval when "the interests of the class are better served by the settlement than by further litigation." *Manual for Complex Litigation (Fourth)* (Ann. ed., May 2021) ("MCL 4th") § 21.61.

**A.    The Settlement satisfies the criteria for final approval.**

In assessing the fairness of a class settlement, courts have referenced several factors, including: (1) the strength of the plaintiffs' case; (2) the risk, expense,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    complexity, and likely duration of further litigation; (3) the risk of maintaining

2    class action status throughout the trial; (4) the amount offered in settlement; (5) the

3    extent of discovery completed and the stage of the proceedings; (6) the experience

4    and views of class counsel; (7) the presence of a government participant; (8)

5    whether the settlement is the product of non-collusive negotiations between the

6    parties; and (9) the reaction of the class members to the proposed settlement. *In re*

7    *Online DVD-Rental*, 779 F.3d at 944. This Court also must consider the Rule

8    23(e)(2) factors. All of these factors support settlement approval here.

9        Where the parties negotiate a settlement prior to class certification, final

10    settlement approval requires "a higher standard of fairness" and "more probing

11    inquiry." *Roes v. SFBSC Management, LLC*, 944 F.3d 1035, 1048-49 (9th Cir.

12    2019) (citations omitted). Under this more probing inquiry, final approval is

13    appropriate where there are no "subtle signs of collusion," such as (1) counsel

14    receiving a disproportionate share of the settlement, (2) a "clear sailing"

15    arrangement which the defendant agrees not to object to a certain fee request, and

16    (3) a reversion of unclaimed funds to the defendant. *Id*. at 1049 (internal quotation

17    and citation omitted). No such elements are present in this settlement, and the

18    settlement satisfies Rule 23(e)(2). Final approval is therefore appropriate.

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9

1    1.    The strength of Plaintiffs' case.

2    Plaintiffs continue to believe they have a strong case but are also pragmatic

3    in their awareness of the risks inherent in litigation. Stemilt vigorously disputed

4    Plaintiffs' allegations and claimed that it separately tracked and paid for all time

5    workers spent on tasks outside of piece-rate work. ECF No. 13 at 5. Stemilt also

6    argued that many of the tasks at issue were "directly related to the piece-rate

7    activity, and therefore, appropriately included within the applicable piece rate pay,"

8    and not subject to hourly compensation. *Id.* Plaintiffs strongly disagree with

9    Stemilt's interpretation, and believe Washington law supports their position, but

10    recognize the risk of litigating claims under this emerging area of Washington law.

11    Stemilt also provided Class Counsel with declarations by several employees

12    endorsing Stemilt's version of events. Cote Decl., ¶ 16. Accordingly, while

13    Plaintiffs are confident in the strength of their claims, ongoing factual disputes

14    presented a litigation risk.

15    2.    The risk, expense, complexity, and likely duration of further litigation.

16
17    Rule 23(e) requires the Court to take into account the costs, risks, and delay

18    of trial and appeal when considering whether the relief provided for the class is

19    adequate. Fed. R. Civ. P. 23(e)(2)(C)(i). Plaintiffs had many hurdles to clear before

20    a potential successful resolution in this case. Entering settlement negotiations,

Plaintiffs and their counsel were confident in the strength of their case, but also

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10

1    pragmatic in their awareness of the risks inherent in litigation and the various

2    defenses available to Stemilt. The reality is that Settlement Class Members could

3    have ended up recovering only a fraction of the Settlement Agreement's benefits

4    or losing the case at or before trial. These possibilities were significant enough to

5    convince Plaintiffs and their counsel that the benefits of the Settlement Agreement

6    reached with Stemilt outweighed the gamble of continued litigation.

7         Stemilt steadfastly denied that it failed to pay its piece-rate workers for all

8    hours worked. ECF No. 13 at 5. Stemilt also forcefully argued that even if Plaintiffs

9    were successful in proving their claims, any damages award would be minimal

10   because any non-productive time was allegedly minimal. Indeed, in the settlement

11   negotiated by former counsel for Mr. Palma Renteria, Stemilt accorded zero

12   damages to several of Plaintiffs' claims. ECF No. 1-1 at 449. If Stemilt was able to

13   convince this Court that Plaintiffs' allegations were overstated or unfounded,

14   Stemilt could effectively reduce the recoverable damages or eliminate them

15   altogether. Even if Plaintiffs did prevail, any recovery could be delayed for years

16   by an appeal.

17        Another risk Plaintiffs faced going forward is that this Court would decline

18   to certify this case as a class action. Stemilt has strenuously denied that class

19   certification is appropriate. If Stemilt was able to present convincing facts to

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  support its position, the Court could have refused to certify the class, leaving only

2  the named Plaintiffs to pursue their claims.

3      In addition, had a settlement not been reached, further litigation would have

4  been expensive, complex, and lengthy. Plaintiffs would have had to continue

5  discovery efforts, including both written discovery and depositions, and prepare the

6  motion for class certification and supporting declarations. And Defendant likely

7  would have filed dispositive motions relating to Plaintiffs' claims. Finally, the

8  parties would have conducted a lengthy, expensive trial that would have entailed

9  many Spanish-speaking witnesses, requiring interpretation services. This would

10  have further delayed recovery for Class Members, who have already waited years

11  for relief.

12      In sum, litigating this case to trial and through any appeals would have been

13  expensive and time-consuming and would present risk to both parties. The

14  settlement, by contrast, provides prompt and certain relief. *See Rodriguez v. W.*

15  *Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v.*

16  *DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider

17  the vagaries of litigation and compare the significance of immediate recovery by

18  way of the compromise to the mere possibility of relief in the future, after

19  protracted and expensive litigation." (citation omitted)).

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12

3. <u>The risk of maintaining class action status through trial.</u>

Although Plaintiffs are confident they would have obtained class certification, Stemilt would have strenuously opposed a class certification motion. *See* ECF No. 13 at 6; *Custom LED, LLC v. eBay, Inc.*, No. 12- cv-00350-JST, 2014 WL 2916871, at *4 (N.D. Cal. June 24, 2014) ("[B]oth parties recognize that eBay will actively oppose certification of the class if the settlement is not approved. As such, the Court finds that the potential difficulties associated with obtaining class certification weigh in favor of approving the settlement."). In light of the nature of the claims involving workers spread out over many different orchards with different foremen and managers, there was a risk to proceeding with a contested class certification motion.

4. <u>The amount offered in settlement.</u>

Under Rule 23(e)(2)(C), the Court considers whether "the relief provided for the class is adequate . . . ." Here, the settlement provides substantial monetary relief. The $3 million Common Fund Payment will be used to pay Qualified Settlement Class Members after deducting approved attorneys' fees, costs, settlement administration expenses, and service awards. If the Court approves the requested fees, costs, settlement administration expenses, and service awards, the remaining amount (approximately $2,101,732.40) will be distributed to Qualified Settlement Class Members. *See* ECF No. 27-1 at 19 (§ III.D); Cote Decl., ¶ 8.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 13

1    The amount of each Qualified Settlement Class Member's award will be

2    based on the Member's proportional share of the Net Settlement Fund. ECF No.

3    27-1 at 20 (§ III.E.3). The fund is large enough that all Qualified Settlement Class

4    Members who submit claim forms will likely receive over 200% of their estimated

5    actual damages, based on projected claim rates. Cote Decl., ¶ 6. This is substantially

6    above the percentage recoveries obtained in settlements approved by other courts.

7    *See, e.g., Rodriguez*, 563 F.3d at 965 (approving settlement amounting to 30% of

8    the damages estimated by the class expert); *In re Mego Financial Corp. Securities*

9    *Litigation*, 213 F.3d 454, 459 (9th Cir. 2000) (approving a settlement estimated to

10    be worth between 1/6 and 1/2 of the plaintiffs' estimated loss); *In re Omnivision*

11    *Tech., Inc*., 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement

12    amounting to 9% of estimated total damages). The recovery is also about 25 times

13    greater than what the class recovery would have been under the previously

14    proposed settlement negotiated by former counsel for Mr. Palma Renteria. *See* ECF

15    No. 1-1 at 173-74 ($80,250 for the class in previous settlement compared to

16    approximately $2,101,732.40 for the Settlement Class here).

17    Rule 23(e)(2)(D) also requires the Court to consider whether "the proposal

18    treats class members equitably relative to each other." Here, the funds distributed

19    to Qualified Settlement Class Members will be allocated in a manner that is fair

20    and reasonable, and no segment of the Class will be excluded from relief. *See, e.g.,*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 14

1   *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015)

2   (recognizing that when some class members have stronger claims than others, it is

3   appropriate to provide larger settlement awards to those class members). Each

4   Qualified Settlement Class Member's share will be based on his or her actual hours

5   worked in piecework activities. ECF No. 27-1 at 20 (§ III.E.3). Those individuals

6   with more time worked—and therefore more potential damages—will receive

7   larger awards. Finally, there will be no reversion to Stemilt under any

8   circumstances. *Id.* at 28 (§ III.K.13).

9       5.    The extent of discovery completed and stage of proceedings.

10      Under this factor, final approval is appropriate if the parties had sufficient

11  information to make an informed decision with respect to the settlement. *See In re*

12  *Mego Fin. Corp.*, 213 F.3d at 459. Plaintiffs conducted significant discovery before

13  reaching this Settlement. Stemilt responded to Plaintiffs' extensive written

14  discovery requests, supplemented its responses twice, and produced many pages of

15  documents and data. Cote Decl., ¶ 25. Class Counsel also interviewed dozens of

16  class members directly. *Id.*; Declaration of Joachim Morrison in Support of

17  Plaintiff's Motion for Final Approval ("Morrison Decl."), ¶ 18. Thus, Plaintiffs and

18  Class Counsel received adequate written discovery to assess the strength of the

19  claims, the amount of damages, and the risks of continued litigation.

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 15

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    6.    The experience and views of counsel.

2    Rule 23(e)(2)(A) requires the Court to consider whether "class counsel have

3 adequately represented the class." Class Counsel have extensive experience

4 advocating for immigrant workers and investigating, litigating, certifying, trying,

5 and settling class action cases like this one. Cote Decl., ¶¶ 17-20; Morrison Decl.,

6 ¶ 2. As Chelan County Superior Court Judge Lesley Allan recognized when she

7 designated Columbia Legal Services and Frank Freed Subit & Thomas LLP as

8 Class Counsel, "Intervenor Plaintiffs' Counsel have significant experience

9 representing farm workers in class action cases and have achieved strong results

10 for workers in other cases, including cases involving the same legal issues at issue

11 in this case. *See, e.g., Carranza v. Dovex Fruit Co.*, 190 Wn.2d 612, 416 P.3d 12-

12 5 (2018)." ECF No. 27-1 at 44. Indeed, Class Counsel are intimately familiar with

13 the legal issues in this case and in wage-and-hour class actions generally. Cote

14 Decl., ¶¶ 17-18; Morrison Decl., ¶¶ 2-3. They believe the Settlement is fair,

15 reasonable, adequate, and in the best interest of the Settlement Class as a whole.

16 Cote Decl., ¶ 17; Morrison Decl., ¶ 3.

17    7.    The presence of a governmental participant.

18    While no governmental entity is a party to this litigation, Stemilt notified the

19 United States Attorney General and the attorneys general of all states in which any

20 Class Member resides, in accordance with the Class Action Fairness Act, 28 U.S.C.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 16

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    § 1715, and such officials have been given an opportunity to raise any objections

2    or concerns they may have, Cote Decl., ¶ 9; ECF 27-1 at 29 (§ III.M). No

3    government entity has objected to the settlement or sought to intervene. Cote Decl.,

4    ¶ 10. Thus, this factor supports settlement approval.

5            8.    The reaction of Class Members.

6            A positive response to a settlement—as evidenced by a small percentage of

7    objections and opt-outs—supports final approval. *See Pelletz v. Weyerhaeuser Co.*,

8    255 F.R.D. 537, 543–44 (W.D. Wash. 2009); *Tadepalli v. Uber Techs., Inc.*, No.

9    15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting

10   *In re Omnivision*, 559 F. Supp. 2d at 1043) (observing "the absence of a large

11   number of objections to a proposed class action settlement raises a strong

12   presumption that the terms of a proposed class settlement action are favorable to

13   the class members"). To date, no Settlement Class Members have objected to or

14   requested exclusion from the Settlement. Settlement Class Members' reactions

15   have been overwhelmingly positive.

16           The deadline for objecting or opting out of the Settlement is August 9, 2021.

17   Plaintiffs intend to file a supplemental brief to update this information and respond

18   to any objections by August 23, 2021.

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 17

9.   <u>The Settlement is the product of informed and non-collusive negotiations.</u>

To approve the settlement, the Court considers both whether "the class representatives and class counsel have adequately represented the class" and whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)-(B). Here, after meaningful discovery and investigation, the parties participated in arm's-length settlement negotiations over the course of two days of mediation with an experienced mediator, followed by weeks of continued negotiations on the settlement details, ultimately resulting in the Settlement Agreement. *See In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (affirming final approval in part because settlement was "negotiated over multiple mediation sessions with a respected and experienced mediator," which showed that settlement was reached without collusion).

Moreover, the Settlement Agreement does not include any of the hallmarks of collusion between parties: under no circumstances will any of the settlement funds "revert to the defendants"; the parties have not negotiated a "clear sailing" provision for attorneys' fees; nor will Class Counsel "receive a disproportionate distribution of the settlement." *Id.* (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 18

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

**B. Class Members received the best notice practicable.**

In preliminarily approving the Settlement, this Court determined that the notice program meets the requirements of due process and applicable law, constitutes the best notice practicable under the circumstances, and gives due and sufficient notice to all individuals entitled thereto. ECF No. 29 at ¶ 14. The notice program was fully implemented by CPT and CDM with the assistance of Class Counsel and Stemilt. *See generally* CPT Decl.; CDM Decl.

The class notice adequately informed Settlement Class Members of the nature of the action and these proceedings; the terms of the settlement; the effect of the action and release of claims; and the process to submit a Settlement Claim Form to share in the proceeds, to exclude themselves from the action, or to object to the settlement, as required for final approval under Rule 23 and in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). Additionally, notice mailed by CPT informed each Settlement Class Member of his or her estimated settlement award, assuming every Settlement Class Member filed a claim. This level of detail exceeds the information required for adequate notice in the Ninth Circuit. *See In re Hyundai*, 926 F.3d at 567-68 (objectors sought "to impose a higher standard than what is required" by arguing for a detailed benefit award calculation in notice).

The notice program successfully reached Settlement Class Members.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 19

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  Ultimately, only 172 Notice Packets out of 10,580 were undeliverable with no

2  forwarding address and where no new addresses could be found. CPT Decl., ¶ 14.

3  Many Class Members also likely learned of the settlement through the text

4  messaging campaign, the Facebook campaign, the settlement website, the radio

5  announcements, the Settlement Claim Forms provided by Stemilt, and word of

6  mouth. Additionally, CDM reached 500 Class Members residing in Mexico via

7  WhatsApp, text message, and voice call. CDM Decl., ¶ 4. CDM also responded to

8  inquiries from 245 potential Class Members in Mexico and the United States. *Id*.

9  ¶ 6. CDM also assisted Class Members in submitting online claim forms and

10  worked with Class Counsel to verify a claim by the next-of-kin to a deceased class

11  member. *Id*. ¶¶ 7-9.

12  **C.    The proposed service awards are reasonable.**

13  The requested service awards, which promote the public policy of

14  encouraging individuals to undertake the responsibility of representative lawsuits,

15  should be approved. *See Rodriguez*, 563 F.3d at 958–59 (finding service awards

16  are appropriate to "compensate class representatives for work done on behalf of

17  the class, to make up for financial or reputational risk undertaken in bringing the

18  action, and, sometimes, to recognize their willingness to act as a private attorney

19  general"). Plaintiffs request service awards of $6,000 each for class representatives

20  Omar Palma Renteria, Gilberto Gomez Garcia, and Jonathan Gomez Rivera, all of

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 20

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    whom assisted counsel, provided important information, and were prepared to

2    testify at trial. ECF No. 27 at 11; ECF No. 27-1 at 19, 21 (§§ III.D; III.I).

3        Plaintiffs' requested service awards are appropriate and in line with awards

4    approved by other courts. *See, e.g., Pelletz*, 592 F. Supp. 2d at 1329–30 & n.9

5    (approving $7,500 service awards and collecting decisions approving awards

6    ranging from $5,000 to $40,000).

7    **D.    This Court should approve late claims submitted by September 9, 2021.**

8        "Until the fund created by the settlement is actually distributed, the court

9    retains its traditional equity powers" over the class settlement plain, including the

10    authority to approve "late claims." *Zients v. LaMorte*, 459 F.2d 628, 630-31 (2d.

11    Cir. 1971) (allowing untimely claimants to receive payments from settlement

12    fund); *see also In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977)

13    (citing *Zients* in support of the conclusion "that the district court had discretion to

14    grant late claims"). To ensure all Class Members have an adequate opportunity to

15    submit Claim Forms, Plaintiffs respectfully request that this Court allow any late

16    Claim Forms received by the Settlement Administrator by September 9, 2021 to

17    be accepted as timely.

18    **E.    The settlement administration expenses award is reasonable.**

19        The Settlement Agreement also provides for a Settlement Administration

20    Expenses Award not to exceed $150,000. ECF No. 27-1 at 19 (§ III.D). Here, the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 21

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  settlement administration expenses are lower than expected: CPT will receive a flat

2  fee of $98,000 unless there are more than 3,185 claims, in which case CPT's

3  expenses will not exceed $113,000. Cote Decl. ¶ 7. In addition, CDM's

4  administration expenses are capped at $25,000. Thus, the total settlement

5  administration expenses will likely be $123,000, and will not exceed $138,000 in

6  any event. *Id.* For a settlement of this size—with over 10,000 Class members—

7  $138,000 in settlement administration expenses is reasonable, particularly in light

8  of the work required to establish a Qualified Settlement Fund; create a settlement

9  website with an online claim form; format settlement notices; mail notices to Class

10  Members; manually send text or WhatsApp message notice to all Class Members

11  for whom telephone numbers are available; put together a Facebook advertisement

12  campaign targeting potential Class Members; process claims received online, by

13  mail, and at Stemilt's offices; process and mail settlement payments; and handle

14  tax reporting duties. Moreover, much of this work was conducted in both English

15  and Spanish. The work conducted by CDM, paid out of the same fund, to notify

16  class members residing in Mexico further required local knowledge and the

17  creation of a unique, cross-border settlement payment process through Bansefi

18  Bank in Mexico. ECF No. 27-1 at 22 (§ III.J.3); CDM Decl. ¶ 11. The

19  administration expenses to be paid from the common fund are reasonable and

20  necessary to inform Class Members of the Settlement, process claims, and ensure

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 22

the settlement is administered fairly. Thus, Plaintiffs request approval of a Settlement Administration Expenses Award not to exceed $138,000, with any remainder included in the Net Settlement Fund for distribution to Class Members.

**F.    The payment of attorneys' fees at the benchmark level is fair and reasonable.**

"Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir 2003) (quoting Fed. R. Civ. P. 23(e)). When state substantive law applies to plaintiffs' claims, attorneys' fees are to be awarded in accordance with state law. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Because Washington law governs the legal claims in the case, attorneys' fees must be awarded in accordance with Washington law. *Id.*

"Under Washington law, the percentage-of-recovery approach is used in calculating fees in common fund cases." *Id.* (citing *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993)). As the Washington Supreme Court has held, "[i]n common fund cases, the size of the recovery constitutes a suitable measure of the attorneys' performance." *Bowles*, 121 Wn.2d at 72; *see also Lyzanchuk v. Yakima Ranches Owners Ass'n, Phase II, Inc.*, 73 Wn. App. 1, 12 (1994) ("Under the percentage of recovery approach . . . attorneys are compensated

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 23

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1   according to the size of the benefit conferred, not the actual hours expended.").

2   Because this is a common fund settlement, the "percentage of recovery approach"

3   applies. *See Bowles*, 121 Wn.2d at 73; *Vizcaino*, 290 F.3d at 1047.

4       Public policy supports this approach. "When attorney fees are available to

5   prevailing class action plaintiffs, plaintiffs will have less difficulty obtaining

6   counsel and greater access to the judicial system. Little good comes from a system

7   where justice is available only to those who can afford its price." *Bowles*, 121

8   Wn.2d at 71.

9       Although district courts in the Ninth Circuit have discretion in common fund

10  cases to perform a lodestar cross-check, the "primary basis of the fee award remains

11  the percentage method." *Vizcaino*, 290 F.3d at 1047, 1050–51 (affirming attorney

12  fee award of 28% of the common fund, which represented a lodestar multiplier of

13  3.65). The Ninth Circuit and district courts in this Circuit have recognized that the

14  percentage-of-recovery method is the appropriate method for calculating fees

15  where, as here, counsel's effort has created a common fund. *See, e.g., Bluetooth*

16  *Headset*, 654 F.3d at 942 ("Because the benefit to the class is easily quantified in

17  common-fund settlements, we have allowed courts to award attorneys a percentage

18  of the common fund in lieu of the often more time-consuming task of calculating

19  the lodestar."); *Ikuseghan v. Multicare Health Sys.*, Case No. C14-5539 BHS, 2016

20  WL 4363198, at *1–2 (W.D. Wash. Aug. 16, 2016) (finding percentage-of-

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 24

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  recovery method is appropriate and awarding 30% of settlement fund). "This

2  method aligns the interests of counsel and the class by allowing class counsel to

3  directly benefit from increasing the size of the class fund." *Craft v. Cnty. Of San*

4  *Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008).

5  Here, Class Counsel seek the standard, benchmark amount of 25% of the

6  common fund for attorneys' fees. This amount is reasonable under the percentage-

7  of-recovery approach, and a lodestar cross-check confirms the reasonableness of

8  the requested fee award.

9      1.   <u>Class Counsel's fee request is reasonable under the percentage-of-recovery approach.</u>

10  The "benchmark" for a percentage fee award is "25 percent of the recovery

11  obtained." *Vizcaino*, 290 F.3d at 1047 (quoting *Bowles*, 121 Wn.2d at 72-73)

12  (noting "Ninth Circuit cases echo this approach"). Generally, "fees of less than

13  25% will be awarded in megafund cases (cases of $50 million or more)," while

14  "[c]ases of under $10 million will often result in fees above 25%." *Craft*, 624 F.

15  Supp. 2d at 1127; *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir.

16  1995) (affirming award of attorneys' fees equal to 33% of the class's recovery).

17  Here, Class Counsel request approval of the benchmark amount. Because the

18  fee request is for exactly 25%, it is reasonable under the "percentage-of-recovery"

19  method. *Bowles*, 121 Wn.2d at 72–73. Only in "special circumstances" is the

20  benchmark figure "adjusted upward or downward." *Id.*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 25

1    Class Members received settlement notices stating the amount and

2 percentage of fees Class Counsel requested. *See* ECF No. 27-1 at 38. To date, no

3 Class Member has objected to the fee request. Cote Decl., ¶ 14.

4    A 25% benchmark fee is appropriate in light of the circumstances of this

5 case. In *Vizcaino*, the court considered the following factors in upholding a 28%

6 fee: (1) whether counsel achieved exceptional results for the class; (2) the level of

7 risk; (3) whether counsel's performance generated benefits beyond the cash

8 settlement fund; (4) whether the percentage rate is at or below the market rate; and

9 (5) whether the case was litigated on a contingency basis, required counsel to incur

10 costs, and required counsel to forgo other work. *Vizcaino*, 290 F.3d at 1048–50.

11 Each of the *Vizcaino* factors supports approval of the requested fee award.

12    First, in determining the amount of attorneys' fees to award, a court should

13 examine the degree of success obtained. *Vizcaino*, 290 F.3d at 1048 ("Exceptional

14 results are a relevant circumstance."); MCL 4th § 21.71 (the "fundamental focus is

15 the result actually achieved for class members"). Class Counsel achieved

16 exceptional results for the Class. Qualified Settlement Class Members are expected

17 to receive over 200% of wages owed. Cote Decl., ¶ 6. This is likely a better result

18 than Qualified Settlement Class Members could obtain by litigating the case

19 through trial.

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 26

1    Second, the Ninth Circuit recognizes that the public interest is served by

2    rewarding attorneys who assume representation on a contingent basis to

3    compensate them for the risk that they might be paid nothing at all for their work.

4    *Vizcaino*, 290 F.3d at 1051 (explaining that courts reward successful class counsel

5    in contingency cases "for taking the risk of nonpayment by paying them a premium

6    over their normal hourly rates for winning contingency cases"). This was a risky

7    case for Class Counsel. Stemilt vigorously disputed Plaintiffs' factual allegations

8    and insisted that the class's recovery, if any, would be minimal. There was also a

9    risk that this Court would not retroactively apply *Carranza v. Dovex Fruit Co*., 190

10    Wn.2d 612, 416 P.3d 1205 (2018), the Washington Supreme Court decision

11    asserting piece-rate workers' right to separate hourly compensation for time spent

12    on non-piece rate tasks. Mr. Palma Renteria first filed the Class Action Complaint

13    just over a week after the decision was released and before any Washington Court

14    had ruled on its retroactive application. As discussed above, Class Counsel also

15    bore the risk that this Court would not certify the class.

16    Third, this litigation has "generated benefits beyond the cash settlement

17    fund" in the form of changes to Stemilt's timekeeping and payment practices.

18    *Vizcaino*, 290 F.3d at 1049. The specific practices that gave rise to Class Members'

19    claims are no longer in place as a result of this litigation. In addition, Stemilt

20    provided wage-and-hour training to its orchard managers and crew bosses.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 27

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    The fourth factor looks at whether the requested percentage rate is at or

2 below the market rate. Contingency fee percentages in individual cases are usually

3 in the range of 33 to 40%. *See Forbes v. Am. Bldg. Maint. Co. W.*, 170 Wn.2d 157,

4 161-66, 240 P.3d 790 (2010) (discussing contingency fee percentages between

5 33.33 and 44% and reinstating trial court's order that "40 percent contingency fee

6 based on the $5 million settlement was fair and reasonable"). State and federal

7 courts regularly approve percentage awards of 30% or more for common fund

8 settlements. *See, e.g., Vizcaino*, 290 F.3d at 1047, 1050–51 (affirming attorney fee

9 award of 28% of the common fund); *In re Mego*, 213 F.3d at 463 (affirming award

10 of 33% of common fund); *In re Pac. Enter. Sec. Litig.*, 47 F.3d at 379 (affirming

11 award equal to 33% of fund); *Ikuseghan*, 2016 WL 4363198, at *2 (awarding 30%

12 of common fund); *Hageman v. AT&T Mobility LLC*, No. CV 13-50-BLG-RWA,

13 2015 WL 9855925, at *4 (D. Mont. Feb. 11, 2015) (approving common fund

14 percentage fee of 33%, or $15 million, from the common fund of $45 million);

15 *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014)

16 (awarding 33% of fund); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482,

17 492 (E.D. Cal. 2010) (citing five recent wage and hour class actions where federal

18 district courts approved attorney fee awards ranging from 30% to 33%); *Singer v.*

19 *Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8–

20 9 (S.D. Cal. Jun. 1, 2010) (approving attorney fee award of 33.33% of the common

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 28

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    fund and noting that typical range is 20 to 50% for similar wage and hour class

2    actions); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL

3    3492841, at *4 (E.D. Cal. Nov. 14, 2007) ("Empirical studies show that, regardless

4    whether the percentage method or the lodestar method is used, fee awards in class

5    actions average around one-third of the recovery" (citing 4 Newberg & Conte,

6    *Newberg on Class Actions* § 14.6 (4th ed. 2007))).

7        Although a 25% common fund fee is the "benchmark," it is below the market

8    rate for attorneys' fees in common fund cases. *See Craft*, 624 F. Supp. 2d at 1124-

9    25 (citing study showing attorneys' fees in class actions averaged approximately

10   32% of the recovery and recognizing that "25% is substantially below the average

11   class fund fee nationally"). Thus, the market rate factor shows that a 25% fee is

12   reasonable here.

13       Fifth and finally, Class Counsel litigated this case on a contingency basis,

14   incurring costs and forgoing other work. Cote Decl., ¶ 21; Morrison Decl., ¶ 4.

15   Class Counsel invested considerable time and money to vindicate the claims of

16   more than ten thousand workers, with expenses totaling more than $7,200. Cote

17   Decl., ¶ 37; Morrison Decl., ¶ 11. Class Counsel's "substantial outlay, when there

18   is a risk that none of it will be recovered, supports the award of the requested fees"

19   here. *In re Omnivision*, 559 F. Supp. 2d at 1047.

20       In sum, a benchmark fee award of 25% of the common fund is reasonable

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 29

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    and appropriate in light of the exceptional results achieved, the risks inherent in the

2    case, the fact that the "market rate" for class action fees is higher, and the fact that

3    this contingency fee case has required counsel to forego other work. *See Vizcaino*,

4    290 F.3d at 1049–50. The Honorable Rosanna Malouf Peterson of the Eastern

5    District of Washington made similar findings in a similar case and approved Class

6    Counsel's fee award of 25% of the common fund. *See Martinez v. Auvil Fruit*

7    *Company, Inc.*, No 2:16-CV-00356-RMP (E.D. Wash. Oct. 10, 2018), ECF No. 65.

8          Thus, Class Counsel respectfully request that this Court approve a 25% fee.

9          2.    A lodestar cross-check confirms the requested fee is reasonable.

10         In the Ninth Circuit, courts may use a rough calculation of the lodestar as a

11   crosscheck to assess the reasonableness of an award based on the percentage

12   method. *Vizcaino*, 290 F.3d at 1050 ("[W]hile the primary basis of the fee award

13   remains the percentage method, the lodestar may provide a useful perspective on

14   the reasonableness of a given percentage award."). The "percentage-of-recovery"

15   approach provides an independent ground for granting the fee request, but a "cross-

16   check" under the lodestar method also demonstrates that counsel's request is

17   reasonable. *See id.* at 1050-51 & n.5 (cautioning that courts should reward counsel

18   who "achieved a timely result for class members in need of immediate relief" and

19   "the lodestar method creates incentives for counsel to expend more hours than may

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 30

1   be necessary on litigating a case so as to recover a reasonable fee, since the lodestar

2   method does not reward early settlement").

3       Courts use a two-step process in applying the lodestar method. First, the

4   court calculates the "lodestar figure" by multiplying the number of hours

5   reasonably expended by a reasonable rate. *Moreno v. City of Sacramento*, 534 F.3d

6   1106, 1111 (9th Cir. 2008); *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581,

7   597-99, 675 P.2d 193 (1983). Once the lodestar is determined, the court may then

8   enhance the lodestar with a multiplier, if necessary, to arrive at a reasonable fee.

9   *Vizcaino*, 290 F.3d at 1051 & n.6 (approving lodestar multiplier of 3.65 and citing

10  a survey of class settlements indicating most multipliers range from 1.0 to 4.0).

11  "This mirrors the established practice in the private legal market of rewarding

12  attorneys for taking the risk of nonpayment by paying them a premium over their

13  normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051.

14              i.   Counsel have spent a reasonable number of hours on
                     this case.

15      Here, Class Counsel's requested fee award of $750,000 represents a modest

16  multiplier of less than 1.41 on their lodestar through July 20, 2021. Cote Decl., ¶24.

17  Class counsel have reasonably devoted over 1,500 hours to investigating,

18  developing, litigating, and resolving this case, incurring over $532,165 in lodestar

19  fees at current hourly rates through July 20, 2021 (not including fees that will be

20  incurred to see the case through final approval, ensure the settlement is properly

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 31

1   administered, and ensure Qualified Settlement Class Members receive their

2   settlement payments). *See id.*; Morrison Decl., ¶ 15. The work performed includes

3   time spent investigating the claims of the Intervenor Plaintiffs and Class Members,

4   conducting significant discovery, researching and analyzing legal issues, briefing

5   legal issues, calculating damages, interviewing Class Members, preparing for

6   mediation, engaging in settlement negotiations, working closely with CPT and

7   CDM on a robust settlement notice and administration program, working on

8   preliminary approval briefing, and working on this final approval briefing. *See* Cote

9   Decl. ¶ 23, Ex. A; Morrison Decl., ¶ 5, Ex. 1.

10      Throughout this case, Class Counsel prosecuted the claims of the employees

11  efficiently and effectively. Knowing it was possible they would never be paid for

12  their work, counsel had no incentive to act in a manner that was anything but

13  economical. *See Moreno*, 534 F.3d at 1112 ("[L]awyers are not likely to spend

14  unnecessary time on contingency cases in the hope of inflating their fees. The

15  payoff is too uncertain, as to both the result and the amount of the fee."). That said,

16  counsel took their charge seriously and endeavored to represent the interests of the

17  Class Members to the greatest extent possible. The work Class Counsel performed

18  was reasonable and necessary to ensure the successful prosecution and settlement

19  of this complex action.

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 32

1            ii.    Counsel's hourly rates are reasonable.

2        In the common fund context, the Ninth Circuit has instructed courts to apply

3    reasonable hourly rates for the *region* when conducting a lodestar analysis. *Online*

4    *DVD-Rental*, 779 F.3d at 949; *Bluetooth Headset*, 654 F.3d at 941. A district court

5    may not adopt an informal court-wide policy of "holding the line" on fees at a

6    certain level. *Moreno*, 534 F.3d at 1115. Counsel at FFST practice throughout the

7    state, including in the Eastern District of Washington, using the same hourly rates

8    they seek here. Cote Decl., ¶¶ 28-29.

9        Rates outside the forum may be used if local counsel is "unwilling or unable

10   to perform because they lack the degree of experience, expertise, or specialization

11   required to handle properly the case." *Camacho v. Bridgeport Fin. Servs.*, 523 F.3d

12   973, 979 (9th Cir. 2008) (internal quotation omitted). Here, Class Counsel are well

13   known as committed advocates for farm workers throughout the state, having

14   achieved strong results for farm workers in other class action cases. *See* Cote Decl.,

15   ¶¶ 17-19, 29; Morrison Decl., ¶¶ 2, 10. Class Counsel are unaware of any other

16   attorneys in the Eastern District of Washington with their level of expertise on class

17   action cases on behalf of immigrant farm workers other than attorneys for legal aid

18   organizations, and attorneys of Northwest Justice Project have time limitations and

19   practice restrictions—including a prohibition on serving certain immigrant

20   workers—that would have prevented them from litigating this case. Morrison

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 33

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    Decl., ¶ 10; Cote Decl., ¶ 34. Thus, even if Class Counsel's rates were found to be

2    "outside-the-forum" rates, this Court should use these rates for the lodestar cross-

3    check because available local counsel lack the experience, expertise, or

4    specialization in farm worker class actions to achieve the results Class Counsel

5    achieved in this case.

6        Counsel's standard rates have been approved in many cases in state and

7    federal courts throughout Washington. Most recently, the Washington Supreme

8    Court and Yakima County Superior Court both approved counsel's standard hourly

9    rates in a wage-and-hour class action representing agricultural workers near

10   Yakima, Washington. Cote Decl., Ex. B at 5-6; Ex. C at ¶ 16; Morrison Decl., ¶ 14.

11       "Where the attorneys in question have an established rate for billing clients,

12   that rate will likely be a reasonable rate." *Bowers*, 100 Wn.2d at 597; *see also*

13   *Broyles v. Thurston County*, 147 Wn. App. 409, 195 P.3d 985 (2008) ("The

14   presumptive reasonable hourly rate for an attorney is the rate the attorney

15   charges."). Thus, in assessing the reasonableness of the rates requested by Class

16   Counsel, this Court should look at the rates Class Counsel charge hourly clients.

17       Courts also regularly apply an attorney's current rate for all work performed,

18   regardless of when the work was performed, as a means of compensating for the

19   delay in payment. *Steele v. Lundgren*, 96 Wn. App. 773, 785-86, 982 P.2d 619

20   (1999) ("Allowing such an adjustment encourages attorneys to take potentially

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 34

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    risky cases with clients who may not be able to afford to pay an attorney and allows

2    public interest lawyers to benefit as would attorneys in private practice."); *Gates v.*

3    *Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992).

4    Here, Class Counsel's lodestar calculations are based on reasonable hourly

5    rates. Class Counsel's lodestar was calculated based on counsel's current hourly

6    billing rates for similar matters, including $495 for Mr. Cote and $500 for Mr.

7    Morrison. Cote Decl., ¶¶ 26-28; Morrison Decl., ¶¶ 6-7.

8    Class Counsel set their rates for attorneys and staff members based on a

9    variety of factors, including among others: the experience, skill and sophistication

10    required for the types of legal services typically performed; the rates customarily

11    charged in the markets where the legal services are typically performed; and the

12    experience, reputation and ability of the attorneys and staff members. *See* Cote

13    Decl. ¶ 27; Morrison Decl., ¶¶ 6-7. The rates charged for FFST and CLS attorneys

14    and staff members working on this matter range from $75 to $500 per hour. *See*

15    Cote Decl. ¶ 26; Morrison Decl., ¶ 7.[3]

16

17    [3] The discounted lodestar of Keller Rohrback L.L.P. is also reasonable based on the

18    skill, reputation, and experience of the firm's attorneys who worked on this matter.

19    Declaration of Laura Gerber in Support of Plaintiffs' Motion for Final Approval,

20    ¶8. Intervenor Plaintiffs were initially represented by Keller Rohrback and

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 35

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1        iii.     A lodestar multiplier is appropriate.

2        Courts routinely enhance the lodestar "to reflect the risk of non-payment in

3    common fund cases." *Vizcaino*, 290 F.3d at 1051 (quoting *In re Wash. Pub. Power*

4    *Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994)). This upward

5    adjustment (or "multiplier") to an attorney's lodestar is often warranted based on

6    the contingent nature of success or the quality of work performed. *See id.* at 1051

7    (approving multiplier of 3.65). A lodestar multiplier can also be based on the

8    benefit obtained for the class or the complexity and novelty of the issues presented.

9    *Bluetooth Headset*, 654 F.3d at 941–42.

10       A multiplier is appropriate here due to the contingent nature of success. As

11   described above, this was a risky case for Class Counsel. When they agreed to

12   represent Intervenor Plaintiffs and the potential class on a contingency fee basis,

13   counsel knew they were facing a substantial risk, but they strongly believed the

14   class claims had merit and that the class had not been adequately represented by

15   former counsel for Mr. Palma Renteria. While any class action is risky, this case

16   presented substantial risks that could have resulted in dismissal or an order denying

17   class certification—eliminating the possibility of a recovery for over ten thousand

18

19   Columbia Legal Services until Ms. Lin and Mr. Copley withdrew on May 5, 2020.

20   *Id.* at ¶¶ 2-3.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 36

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    workers. Counsel have worked on the case for over eighteen months with no

2    guarantee of being compensated for their time and effort. Based on the risks

3    involved in this case, a multiplier is appropriate.

4          In addition to the risk factor, this Court has another independent ground for

5    application of a multiplier: the quality of work performed. Class Counsel

6    performed high-quality work, resulting in an excellent settlement for the Class that

7    will result in recovery for Settlement Class Members that is 25 times the amount

8    anticipated in the previous settlement. Class Counsel succeeded by taking a strong,

9    aggressive approach to discovery, which resulted in production of over a thousand

10   pages of relevant documents and data that allowed them to analyze the value of the

11   Class claims, by personally interviewing dozens of class members about their

12   claims, and by patiently negotiating a settlement that provided a meaningful

13   remedy for all Qualified Settlement Class Members. The quality of the work that

14   led to this excellent settlement warrants a multiplier.

15         Foremost among the considerations in determining the appropriateness of a

16   multiplier "is the benefit obtained for the class." *Bluetooth Headset*, 654 F.3d at

17   941-42. Here, as described above, Class Counsel has obtained significant benefits

18   for Qualified Settlement Class Members, including settlement payment amounting

19   to more than 200% of the wages owing to them. Cote Decl. ¶ 6. The tremendous

20   benefits Class Counsel obtained for the workers warrants the requested multiplier.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 37

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1    In the Ninth Circuit, multipliers "ranging from one to four are frequently

2    awarded." *Vizcaino*, 290 F.3d at 1051 n.6. In *Vizcaino*, the court collected dozens

3    of class action fee awards and found that in 83% of the cases the lodestar multiplier

4    was between 1.0 and 4.0. *Id.* Courts find higher multipliers appropriate when using

5    the lodestar method as a cross-check for an award based on the percentage method.

6    *See, e.g., Steiner v. Am. Broad. Co., Inc.*, 248 F. App'x 780, 783 (9th Cir. 2007)

7    (finding a multiplier of approximately 6.85 to be "well within the range of

8    multipliers that courts have allowed" when cross-checking a fee based on a

9    percentage of the fund); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-

10   03698-NC, 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018) (finding a 4.375

11   multiplier to be reasonable in cross-checking a fee of 25 percent of a settlement

12   fund); *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-00157-

13   DAD-JLT, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) ("awarding

14   attorneys' fees at a 25 percent benchmark of the common fund would yield a

15   lodestar multiplier of 3.95, which is within the range of acceptable lodestar

16   multipliers previously approved by this court and others"); *Pan v. Qualcomm Inc.*,

17   No. 16-CV-01885-JLS-DHB, 2017 WL 3252212, at *13 (S.D. Cal. July 31, 2017)

18   (finding a multiplier of 3.5 to be reasonable); *Craft*, 624 F. Supp. 2d at 1125

19   (approving fee award yielding a multiplier of 5.2 and stating "there is ample

20   authority for such awards resulting in multipliers in this range or higher"); *Van*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 38

1    *Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298-99 (N.D. Cal. 1995) (finding

2    that a multiplier of 3.6 was "well within the acceptable range" and explaining that

3    "[m]ultipliers in the 3-4 range are common").

4         The 25% benchmark fee of $750,000 represents a modest multiplier of less

5    than 1.41 on Class Counsel's lodestar through July 20, 2021. Cote Decl., ¶ 24. The

6    multiplier will be reduced significantly by the hours Class Counsel expend to see

7    this settlement through final approval and ensure Qualified Settlement Class

8    Members are appropriately paid their settlement awards. Because this multiplier is

9    well within the range of reasonableness for percentage fee awards in common fund

10   cases, this Court should approve the requested fee. No Settlement Class Member

11   has objected to this request.

12   **G.    Reimbursement of Class Counsel's litigation costs is reasonable.**

13        For common fund settlements, litigation costs are awarded in addition to

14   percentage fee awards. *See Bowles*, 121 Wn.2d at 70–74 (affirming common fund

15   fee award of $1.5 million and costs award of $17,000). "Reasonable costs and

16   expenses incurred by an attorney who creates or preserves a common fund are

17   reimbursed proportionately by those class members who benefit from the

18   settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D.

19   Cal. 1996). Here, Class Counsel have incurred approximately $7,267.60 in

20   litigation expenses. Cote Decl., ¶ 37, Ex. D; Morrison Decl., ¶ 11, Ex. 2. These

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 39

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

expenses include: (1) computer legal research expenses; (2) filing fees; (3) copies of court documents; (4) translation expenses; and (5) meals or per diem expenses. Cote Decl., ¶ 37, Ex. D; Morrison Decl., ¶ 11, Ex. 2. The expenses were reasonable and necessary to secure the successful resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding costs such as filing fees, online legal research fees, and copying expenses are relevant and necessary expenses in class action litigation). Class Counsel request reimbursement of $7,267.60 in total costs. This is less than the estimated amount stated in settlement notices issued to Class Members ($10,000). The remaining amount will be included in the settlement funds distributed to Qualified Settlement Class Members.

Class Counsel advanced these costs without any guarantee that they would ever be repaid and the costs were necessarily incurred. Thus, this Court should approve reimbursement of the requested costs.

**H.    This Court should designate the Northwest Justice Project as a *cy pres* beneficiary.**

The *cy pres* doctrine allows a court to distribute unclaimed class funds to the "next best" class of beneficiaries. *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). There must be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012). A *cy pres* award must be guided by the objectives of the underlying statute, the interests

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 40

1   of the silent class members, and must not benefit a group too remote from the

2   plaintiff class. *Id*.

3       Here, the Settlement Class will receive awards to remedy alleged violations

4   of the Washington Minimum Wage Act, an integral component of Washington's

5   "comprehensive legislative system with respect to wages [which] indicates a strong

6   legislative intent to assure payment to employees of wages they have earned."

7   *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 375, 961 P.2d 371 (1998).

8       The Settlement Agreement provides that any Residual Funds remaining six

9   months after the claims process is completed "will be distributed to *cy pres*

10  beneficiaries whose organizations' missions align with the workers' claims in the

11  Action, and which are selected by mutual agreement of the Parties or designated

12  by the District Court." ECF No. 27-1 at 13-14 (§ III.K.13). Plaintiffs propose that

13  the Court designate Northwest Justice Project ("NJP") as a *cy pres* beneficiary.

14  Counsel proposed this designation to Defendant, but Defendant declined to agree.

15  Cote Decl., ¶ 38.

16      NJP is a civil legal aid organization that represents low-wage workers,

17  including farm workers, throughout Washington State. Northwest Justice Project,

18  *Specialized Units & Collaborations*, http://www.nwjustice.org/specialized-units#0

19  (last accessed July 19, 2021). Thus, there is a "driving nexus" between the

20  Northwest Justice Project and the instant Settlement Class, which stands to recover

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 41

1   for unpaid wages. *See Dennis*, 697 F.3d at 865. Accordingly, this Court should

2   designate NJP as a *cy pres* beneficiary with the instruction that NJP will use any *cy*

3   *pres* funds to support its Farmworker Unit.

4                        **IV.  CONCLUSION**

5          The $3 million common fund settlement is fair, adequate, and reasonable.

6   Moreover, it is appropriate for the Court to grant an award of 25% of the common

7   fund for attorneys' fees and $7,267.60 for costs given the high-quality work

8   performed and successful result achieved. An award not to exceed $138,000 for

9   settlement administration expenses is also appropriate. Service awards of $6,000

10  each are reasonable. Finally, this Court should approve late claims submitted by

11  September 9, 2021 and designate the Northwest Justice Project and its Farmworker

12  Unit as a *cy pres* beneficiary of any Residual Funds.

13         RESPECTFULLY SUBMITTED AND DATED this 26th day of July,

14  2021.

15                        FRANK FREED SUBIT & THOMAS LLP

16                        *s/ Marc C. Cote*
                          Marc C. Cote, WSBA #39824
17                        Sean M. Phelan, WSBA #27866
                          Anne E. Silver, WSBA #51695
18                        705 Second Avenue, Suite 1200
                          Seattle, WA 98104-1798
19                        Telephone: (206) 682-6711
                          Facsimile: (206) 682-0401
20                        Email: mcote@frankfreed.com

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF      FRANK FREED SUBIT & THOMAS LLP
CLASS ACTION SETTLEMENT - 42                  Suite 1200 Hoge Building, 705 Second Avenue
                                              Seattle, Washington 98104-1798
                                              (206) 682-6711

1    Email: sphelan@frankfreed.com
      Email: asilver@frankfreed.com
2

3    COLUMBIA LEGAL SERVICES

4    Joachim Morrison, WSBA #23094
      Xaxira Velasco Ponce de Leon,
5    WSBA #55646
      300 Okanogan Avenue, Suite 2A Wenatchee,
6    WA 98801
      Telephone: (509) 662-9681
7    Email: joe.morrison@columbialegal.org
      Email: xaxira.poncedeleon@columbialegal.org
8
      *Attorneys for Plaintiff, Intervenor Plaintiffs,*
9    *and Settlement Class*

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 43

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1          <u>CERTIFICATE OF SERVICE</u>

2          I, Marc C. Cote, hereby certify that on July 26, 2021, I electronically filed

3     the foregoing with the Clerk of the Court using the CM/ECF system which will

4     send notification of such filing to the following:

5               Robert R. Siderius, Jr., WSBA #15551
                Stephanie J. Stauffer, WSBA #39501
6               JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
                **Attorneys for Defendant**
7               2600 Chester Kimm Road
                P.O. Box 1688
8               Wenatchee, WA 98807-1688
                Telephone: (509) 662-3685
9               Facsimile: (509) 662-2452
                Email: bobs@jdsalaw.com
10              Email: stephanieb@jdsalaw.com

11         DATED this 26th day of July, 2021.

12
                        FRANK FREED SUBIT & THOMAS LLP
13
                        By: */s/ Marc C. Cote*
14                           Marc C. Cote, WSBA #39824
                             705 Second Avenue, Suite 1200
15                           Seattle, Washington 98104
                             Telephone: (206) 682-6711
16                           Facsimile: (206) 682-0401
                             Email: mcote@frankfreed.com
17
                        *Attorneys for Plaintiff, Intervenor Plaintiffs, and*
18                      *Proposed Settlement Class*

19

20

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 44

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711