FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OMAR PALMA RENTERIA, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>GILBERTO GOMEZ GARCIA, individually and on behalf of all others similarly situated, and JONATHAN GOMEZ RIVERA, individually and on behalf of all others similarly situated,<br><br>                  Intervenor-Plaintiffs,<br><br>                  v.<br><br>STEMILT AG SERVICES LLC, a solely owned subsidiary of Stemilt Growers LLC, and DOES 1–10,<br><br>                  Defendants. | No.   2:20-cv-00392-SMJ<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Before the Court is Plaintiff Omar Palma Renteria and Intervenor Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement, ECF No. 33, and Stipulated Motion for Approval of Certain Settlement Claims, ECF No. 39. Individual notice

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT – 1

complying with Federal Rule of Civil Procedure 23 was sent to the last-known address of each member of the Class and supplemental notice procedures outlined in the Settlement Agreement and approved by the Preliminary Approval Order have been completed. The Court held a fairness hearing on final approval of the settlement on September 9, 2021. Defendant does not object to final approval as proposed by Plaintiffs. *See* ECF No. 41. The Court finds that good cause exists to grant both motions and approve the class action settlement.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement, **ECF No. 33**, is **GRANTED**.

2. The parties' Stipulated Motion for Approval of Certain Settlement Claims, **ECF No. 39**, is **GRANTED**.

3. Based on good cause shown, the Court **APPROVES** acceptance of all valid settlement claims filed by Settlement Class Members under the prior settlement even if those Settlement Class Members did not file new Settlement Claim Forms. *See* ECF No. 39.

4. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement, ECF No. 27-1 at 16–32, or Plaintiffs' Motion for Preliminary Approval, ECF No. 27.

5. The Court finds that notice to the Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

6. The Court finds that notice of the Settlement Agreement has been provided to the United States Attorney General and the Attorney General of each state in which any Class Member resides, in accordance with 28 U.S.C. § 1715.

7. The Court finds it has personal and subject matter jurisdiction over all claims asserted in this litigation with respect to all members of the Class.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court has **CERTIFIED** for settlement purposes the following Class:

> All individuals who were employed by Stemilt AG Services LLC in the position of hand harvester, pruner, picker, thinner, or farm worker and paid on a piece-rate basis at any time from May 21, 2015 to May 17, 2018.

9. In connection with this certification, the Court has made the following findings:

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 3

    **A.**    The Class is so numerous that joinder of all members is impracticable;

    **B.**    There are questions of law or fact common to the Class;

    **C.**    Plaintiffs' claims are typical of the claims being resolved through the proposed settlement;

    **D.**    Plaintiffs are capable of fairly and adequately protecting the interests of the Class members in connection with the settlement;

    **E.**    For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual Class members. Accordingly, the Class is sufficiently cohesive to warrant settlement by representation; and

    **F.**    For purposes of settlement, certification of the Class is superior to other available methods for the fair and efficient settlement of the claims of the Class members.

**10.**    The Court has **APPOINTED** Plaintiff Omar Palma Renteria and Intervenor Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera as representatives of the Class.

**11.** The Court has **APPOINTED** Marc Cote, Sean Phelan, and Anne Silver of Frank Freed Subit & Thomas LLP and Joachim Morrison and Xaxira Ponce de Leon of Columbia Legal Services as Class Counsel.

**12.** No objections to the Settlement have been lodged.

**13.** The terms set forth in the Settlement are **APPROVED** as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Class in litigating the claims. The Class is properly certified as part of this settlement. The relief provided to the Class under the Settlement Agreement is appropriate as to the individual members of the Class and as a whole.

**14.** The Court finds the Settlement fair, reasonable, and adequate per the requirements of Rule 23(e)(2). The following findings support the Court's determination:

    ***A.*** The class representatives and class counsel, who have drawn on extensive experience representing farm workers in wage-and-hour class actions, have adequately represented the class;

    ***B.*** The parties negotiated the proposal at arm's length, through two mediation sessions before an experienced mediator and continued negotiations following mediation;

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 5

  **C.** The relief provided for the class is adequate, particularly in light of the high costs, risks, and delay of trial and likely appeals, the effectiveness of the claims process described in the Settlement Agreement, the reasonable attorney fees awarded herein, and the terms of the Settlement Agreement;

  **D.** The Settlement treats class members equitably relative to one another, as no segment of the class is excluded or treated differently than any other.

**15.** The Court **APPROVES** the payment of **$750,000** in attorney fees to Class Counsel as fair and reasonable based on the "percentage of recovery" approach.

  **A.** When state substantive law applies to plaintiffs' claims, attorney fees are to be awarded in accordance with state law. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Because Washington law governs the central claims in the case, attorney fees must be awarded in accordance with Washington law. *Id.* "Under Washington law, the percentage-of-recovery approach is used in calculating fees in common fund cases." *Id.* (citing *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993)).

    **B.**    The benchmark in Washington for an attorney fee award in a common fund settlement is twenty-five percent of the fund. *Id.*; *Bowles*, 121 Wn.2d at 72–73. In accordance with *Bowles* and *Vizcaino*, Class Counsel seek a benchmark fee of twenty-five percent of the common fund. The Court finds no "special circumstances" to depart from the benchmark award of twenty-five percent in this case. *See Bowles*, 121 Wn.2d at 73. The approved attorney fee award of $750,000 is exactly twenty-five percent of the $3,000,000 common fund. The twenty-five percent fee is within the range of reasonableness set forth in *Bowles* and *Vizcaino* and is consistent with fee awards in similar class actions.

    **C.**    The Court reaches the conclusion that the twenty-five percent fee award to Class Counsel is reasonable in this case after analyzing (1) the exceptional results Class Counsel achieved for the Class; (2) the diligent effort utilized by Class Counsel in litigating the Class claims; (3) Class Counsel's substantial experience in complex litigation and the skill utilized to achieve the settlement; (4) the hurdles to achieving and maintaining certification of the Class, establishing and proving liability and

damages at trial; (5) the substantial risks Class Counsel took in litigating this case on a contingency basis and paying costs; (6) the fact that Class Counsel had to forgo other work due to their duties and obligations to the Class; (7) the high-quality work Class Counsel performed; and (8) the duration and complexity of the litigation and scope of discovery.

D. No Class Member has objected to the requested fee award.

E. "[W]hile the primary basis of the fee award" for common fund settlements "remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050. This Court has performed a lodestar cross-check on the twenty-five percent fee. The Court finds that payment of fees in the amount of $750,000 is fair and reasonable using a lodestar cross-check.

F. The Court **APPROVES** as reasonable Class Counsel's total lodestar amount of approximately $567,249.50 through August 19, 2021. The Court reaches this conclusion after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable regular hourly rates; (2) the substantial financial recovery Class Counsel

achieved for the Class; (3) the diligent and efficient effort utilized by Class Counsel in litigating Plaintiffs' claims; (4) Class Counsel's substantial experience in complex litigation and skill utilized to achieve the Settlement; and (5) the hurdles to certifying the Class and proving liability and damages at trial.

G. Class Counsel reasonably expended more than 1,500 hours in this litigation and are expected to expend more hours through settlement administration and distribution of settlement payments. This Court **APPROVES** the hourly rates detailed in the declarations of Marc Cote, Joachim Morrison, and Laura Gerber. Lead Class Counsel's regular hourly rates—$495 for Marc Cote and $500 for Joachim Morrison—are reasonable rates for class action litigators in this district. Considering all of the attorneys' experience, skill, and reputation in wage and hour class action cases, the rates are reasonable.

H. Courts "routinely enhance[] the lodestar to reflect the risk of non-payment in common fund cases." *Vizcaino*, 290 F.3d at 1051 (quoting *In re Wash. Pub. Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994)). This upward adjustment (or "multiplier") to an attorney's lodestar is often warranted

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 9

based on the contingent nature of success or the quality of work performed. *See id.* at 1051 (approving multiplier of 3.65). A lodestar multiplier can also be based on the benefit obtained for the class or the complexity and novelty of the issues presented. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011). In the Ninth Circuit, multipliers "ranging from one to four are frequently awarded." *Vizcaino*, 290 F.3d at 1051 n.6. Courts sometimes find higher multipliers appropriate when using the lodestar method as a cross-check for an award based on the percentage method. *See, e.g., Steiner v. Am. Broad. Co., Inc.*, 248 F. App'x 780, 783 (9th Cir. 2007) (finding a multiplier of approximately 6.85 to be "well within the range of multipliers that courts have allowed" when cross-checking a fee based on a percentage of the fund).

**I.** Here, the twenty-five percent benchmark fee of $750,000 represents a lodestar multiplier of less than 1.32 on fees through August 19, 2021. This multiplier will be reduced by the hours Class Counsel expend on additional final approval work and work to ensure Qualified Settlement Class Members are appropriately paid their settlement awards.

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 10

      **J.**    Because this multiplier is well within the range of reasonableness for percentage fee awards in common fund cases, this Court approves the requested fee award of $750,000.

16.    The Court **APPROVES** payment of **$7,267.60** in litigation costs to Class Counsel as fair and reasonable to compensate Class Counsel for the relevant and necessary costs incurred in this case.

      **A.**    "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). The settlement notices issued to Class Members in this case indicated that litigation costs were estimated to be $10,000. Class Counsel seek reimbursement of less than the estimated amount.

17.    Pursuant to the Settlement Agreement, the Court **APPROVES** payment of **$98,000** from the common fund to the Settlement *Administrator*, CPT Group, Inc. and up to **$25,000** to Centro de los Derechos del Migrante, Inc. ("CDM").

      **A.**    These payments are fair and reasonable to compensate the work and costs incurred in administering the Settlement.

18. The Court **APPROVES** the service award payments of **$6,000** each to Plaintiff Omar Palma Renteria and Intervenor Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera.

   A. These awards are reasonable and do not undermine Plaintiffs' adequacy as Class Representatives. Rather, these awards reasonably compensate Plaintiffs Omar Palma Renteria and Intervenor Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera for the time and effort each spent serving as class representative, assisting in the investigation of their claims, participating in and keeping abreast of the litigation, and reviewing and approving the proposed settlement terms after consulting with Class Counsel.

19. To ensure all Settlement Class Members have an adequate opportunity to submit Settlement Claim Forms, any late Claim Forms received by the Settlement Administrator by **September 9, 2021**, shall be **ACCEPTED AS TIMELY**.

   A. "Until the fund created by the settlement is actually distributed, the court retains its traditional equity powers" over the class settlement plan, including the authority to approve "late claims." *Zients v. LaMorte*, 459 F.2d 628, 630–31 (2d Cir. 1972)

(allowing untimely claimants to receive payments from settlement fund); *see also In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) (citing *Zients* in support of the conclusion "that the district court had discretion to grant late claims").

20. Each Qualified Settlement Class Member who submits a Settlement Claim Form by **September 9, 2021** shall be entitled to receive a proportional share of the Net Settlement Fund, as set forth in Section III.E.3 of the Settlement Agreement, after deduction of the amounts awarded for attorney fees and costs, service awards, and settlement administration expenses.

   *A.* Each Qualified Settlement Class Member's share will be based on his or her hours worked in piecework activities as recorded by Defendant.

   *B.* Any Qualified Settlement Class Member who fails to cash or deposit a disbursement check issued to that member after a period of **180 calendar days** has elapsed from the date on which the disbursement check was issued will not receive a share of the Settlement Fund but will be bound nevertheless by the terms of the Settlement Agreement and Release.

21. Following the expiration of **180 calendar days** after the Settlement Administrator issues Settlement Checks, any Residual Funds from uncashed checks will be distributed to the Northwest Justice Project as a *cy pres* beneficiary.

22. The Settlement is **BINDING** on all Settlement Class members.

23. No later than **seven calendar days** following the Effective Date, Defendant shall **PAY** the sum of **$3,000,000** to the Settlement Administrator, CPT.

   A. Within **three business days** after receiving Defendant's payment, the Settlement Administrator shall **PAY** the Attorney Fees Award and Cost Payment to Class Counsel and shall **PAY** the Service Awards to the named Plaintiffs.

   B. Within **fourteen calendar days** following Defendant's payment, the Settlement Administrator shall initiate the Settlement Award payments as provided in the Settlement Agreement.

24. As of the Effective Date and subject to Defendant's payment of the amounts stated in the Settlement Agreement, this Court **DISMISSES** all claims that were or could have been asserted in the Action on the basis of the allegations contained in the Complaint for the period of

May 21, 2015 to May 17, 2018, **WITH PREJUDICE AND WITHOUT COSTS** (except as specifically provided in the Settlement Agreement).

25. The entry of this Order is **WITHOUT PREJUDICE** to the rights of the Parties to enforce the terms of the Settlement Agreement and the rights of Class Counsel to seek the payment of fees and costs as provided for in the Settlement Agreement.

26. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court **RETAINS JURISDICTION** for purposes of enforcement of the Settlement and addressing settlement administration matters and any such post-judgment matters as may be appropriate under the Court's rules.

27. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge